IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MOVEMENT MORTGAGE, LLC, | Civil Action No.: 3:23-cv-00633-RJC-DCK |
| Plaintiff, | |
| v. | **DEFENDANT DERAN PENNINGTON'S ANSWER TO AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES TO CERTAIN DEFENDANTS, AND COUNTERCLAIMS AGAINST PLAINTIFF** |
| DERAN PENNINGTON, CHRIS SHELTON, MATT SCHOOLFIELD, LINDA PLYMALE, HEATHER FRYE, JOSH COVETT, and SUMMIT FUNDING, INC. | |
| Defendant. | |

COMES NOW Defendant Deran Pennington ("Pennington") who, by and through counsel, answering and responding to Plaintiff Movement Mortgage, LLC's ("Plaintiff" or "Movement"), First Amended Complaint for Injunctive Relief and Damages (hereinafter referred to as the "Amended Complaint"), respectfully alleges and says:

<u>**FOR A FIRST DEFENSE**</u>
**To Allegations Regarding The Parties**

1. Upon information and belief, Pennington admits the allegations of Paragraph 1 of the Amended Complaint.

2. Pennington admits the allegations of Paragraph 2 of the Amended Complaint.

3. Pennington is without sufficient information to admit or deny the allegations of Paragraph 3 of the Amended Complaint and, therefore, denies the same.

4. Pennington is without sufficient information to admit or deny the allegations of Paragraph 4 of the Amended Complaint and, therefore, denies the same.

1

5.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 5 of the Amended Complaint and, therefore, denies the same.

6.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 6 of the Amended Complaint and, therefore, denies the same.

7.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 7 of the Amended Complaint and, therefore, denies the same.

8.     Pennington admits the allegations of Paragraph 8 of the Amended Complaint.

### FOR A FIRST DEFENSE
**To Allegations Regarding Jurisdiction and Venue**

9.     Pennington submits that the allegations of Paragraph 9 of the Amended Complaint constitute a legal conclusion and, therefore, no response is required.  To the extent a response is required, Pennington denies the same.  Further, Pennington is without sufficient information to admit or deny the allegations of Paragraph 9 of the Amended Complaint.

10.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 10 of the Amended Complaint and, therefore, deny the same.

11.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 11 of the Amended Complaint and, therefore, deny the same.

12.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 12 of the Amended Complaint and, therefore, deny the same.

13.     Pennington denies the allegations of Paragraph 13 of the Amended Complaint.

14.     Pennington denies the allegations of Paragraph 14 of the Amended Complaint.

15.     Pennington denies the allegations of Paragraph 15 of the Amended Complaint.

16.     Pennington submits that the allegations of Paragraph 16 of the Amended Complaint constitute a legal conclusion and, therefore, no response is required.  To the extent a response is required, Pennington denies the same.

**FOR A FIRST DEFENSE**
**To Allegations Regarding Factual Background**

17.     Pennington admits the allegations of Paragraph 17 of the Amended Complaint.

18.     Answering the allegations of Paragraph 18, Pennington admits that Movement implemented an underwriting review process but denies that it was "unique" or "pioneered" by Movement.

19.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 19 of the Amended Complaint and, therefore, denies the same.

20.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 19 of the Amended Complaint and, therefore, denies the same.

**FOR A FIRST DEFENSE**
**To Allegations Regarding Employment and Contractual Obligations**

21.     Pennington admits the allegations of Paragraph 21 of the Amended Complaint.

22.     Answering the allegations of Paragraph 22 of the Amended Complaint, Pennington admits that he was a long-time employee of Movement but denies that he was given any specific confidential or proprietary information because of his tenure or that was irregular for an employee in his position.

23.     Answering the allegations of Paragraph 23 of the Amended Complaint, Pennington admits that Exhibit A to the Amended Complaint is a document that is labeled Movement Mortgage Team Leader Employment Agreement, that is dated September 13, 2013, and that it is between Matt Schoolfield and Movement, its predecessors, successors, assigns and subsidiaries.

3

Answering the allegations regarding restrictions, Pennington refers to Exhibit A and denies the allegations to the extent inconsistent therewith and denies that such restrictions are enforceable. Pennington is without sufficient information to admit or deny the remaining allegations of Paragraph 23 of the Amended Complaint and, therefore, denies the same.

24.     Answering the allegations of Paragraph 24 of the Amended Complaint, Pennington refers to Exhibit A and denies the allegations to the extent inconsistent therewith and denies that such restrictions are enforceable.

25.     Answering the allegations of Paragraph 25 of the Amended Complaint, Pennington refers to Exhibit A and denies the allegations to the extent inconsistent therewith and denies that such restrictions are enforceable.

26.     Answering the allegations of Paragraph 26 of the Amended Complaint, Pennington admits that Exhibit B to the Amended Complaint is a document that is labeled Movement Mortgage Team Leader Employment Agreement, that states it is dated March 8, 2018, and that it is between Matt Schoolfield and Movement, its predecessors, successors, assigns and subsidiaries. Pennington is without sufficient information to admit or deny the remaining allegations of Paragraph 26 of the Amended Complaint and, therefore, denies the same.

27.     Answering the allegations of Paragraph 27 of the Amended Complaint, Pennington refers to Exhibit B and denies the allegations to the extent inconsistent therewith and denies that such restrictions are enforceable.

28.     In response to the allegations of Paragraph 28 of the Amended Complaint, Pennington refers to Exhibit B and denies the allegations to the extent inconsistent therewith and denies that such restrictions are enforceable.

4

29.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 29 of the Amended Complaint and, therefore, denies the same.

30.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 30 of the Amended Complaint and, therefore, denies the same.

31.     Answering the allegations of Paragraph 31 of the Amended Complaint, Pennington admits that Exhibit C to the Amended Complaint is a document that is labeled Movement Mortgage Team Leader Employment Agreement, that states it is dated September 4, 2013, and that it is between Chris Shelton and Movement, its predecessors, successors, assigns and subsidiaries.  Answering the allegations regarding restrictions, Pennington refers to Exhibit C and denies the allegations to the extent inconsistent therewith and denies that such restrictions are enforceable.  Pennington is without sufficient information to admit or deny the remaining allegations of Paragraph 31 of the Amended Complaint and, therefore, denies the same.

32.     Answering the allegations of Paragraph 32 of the Amended Complaint, Pennington refers to Exhibit C and denies the allegations to the extent inconsistent therewith and denies that such restrictions are enforceable.

33.     Answering the allegations of Paragraph 33 of the Amended Complaint, Pennington refers to Exhibit C and denies the allegations to the extent inconsistent therewith and denies that such restrictions are enforceable.

34.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 34 of the Amended Complaint and, therefore, denies the same.

35.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 35 of the Amended Complaint and, therefore, denies the same.

36.     Answering the allegations of Paragraph 36 of the Amended Complaint, Pennington admits that Exhibit D to the Amended Complaint is a document that is labeled Movement Mortgage Licensed Loan Officer Employment Agreement, that states it is dated November 8, 2013, and that it is between Linda Plymale and Movement, its predecessors, successors, assigns and subsidiaries.  Answering the allegations regarding restrictions, Pennington refers to Exhibit D and denies the allegations to the extent inconsistent therewith and denies that such restrictions are enforceable.  Pennington is without sufficient information to admit or deny the remaining allegations of Paragraph 36 of the Amended Complaint and, therefore, denies the same.

37.     Answering the allegations of Paragraph 37 of the Amended Complaint, Pennington refers to Exhibit D and denies the allegations to the extent inconsistent therewith and denies that such restrictions are enforceable.

38.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 38 of the Amended Complaint and, therefore, denies the same.

39.     Answering the allegations of Paragraph 39 of the Amended Complaint, Pennington admits that Exhibit E to the Amended Complaint is a document that is labeled Movement Mortgage Team Leader Employment Agreement, that states it is dated October 9, 2013, and that it is between Heather Frye and Movement, its predecessors, successors, assigns and subsidiaries.  Answering the allegations regarding restrictions, Pennington refers to Exhibit E and denies the allegations to the extent inconsistent therewith and denies that such restrictions are enforceable.   Pennington is without sufficient information to admit or deny the remaining allegations of Paragraph 39 of the Amended Complaint and, therefore, denies the same.

40. Answering the allegations of Paragraph 40 of the Amended Complaint, Pennington refers to Exhibit E and denies the allegations to the extent inconsistent therewith and denies that such restrictions are enforceable.

41. Answering the allegations of Paragraph 41 of the Amended Complaint, Pennington refers to Exhibit E and denies the allegations to the extent inconsistent therewith and denies that such restrictions are enforceable.

42. Pennington is without sufficient information to admit or deny the allegations of Paragraph 42 of the Amended Complaint and, therefore, denies the same.

43. Answering the allegations of Paragraph 43 of the Amended Complaint, Pennington admits that Exhibit F to the Amended Complaint is a document that is labeled Movement Mortgage Team Leader Employment Agreement, that states it is dated May 18, 2016, and that it is between Josh Covett and Movement, its predecessors, successors, assigns and subsidiaries. Answering the allegations regarding restrictions, Pennington refers to Exhibit F and denies the allegations to the extent inconsistent therewith and denies that such restrictions are enforceable. Pennington is without sufficient information to admit or deny the remaining allegations of Paragraph 43 of the Amended Complaint and, therefore, denies the same.

44. Answering the allegations of Paragraph 44 of the Amended Complaint, Pennington refers to Exhibit F and denies the allegations to the extent inconsistent therewith and denies that such restrictions are enforceable.

45. Answering the allegations of Paragraph 45 of the Amended Complaint, Pennington refers to Exhibit F and denies the allegations to the extent inconsistent therewith and denies that such restrictions are enforceable.

## FOR A FIRST DEFENSE
### To Allegations Regarding Alleged Breach of Fiduciary Duty

46.     Answering the allegations of Paragraph 46 of the Amended Complaint, Pennington admits that in March 2023, he and Summit began engaging in conversations regarding a potential employment with Summit.

47.     Pennington admits the allegations of Paragraph 47 of the Amended Complaint.

48.     Answering the allegations of Paragraph 48 of the Amended Complaint, Pennington admits that he continued to work for Movement for a little less than 4 months (March 7, 2023 to July 1, 2023) after the execution of the Confidentiality Agreement that is attached as Exhibit G to the Amended Complaint.

49.     Answering the allegations of Paragraph 49 of the Amended Complaint, Pennington admits only that he continued to receive some compensation from Movement from March 7, 2023 to July 1, 2023.  Pennington denies the remaining allegations of Paragraph 49 of the Amended Complaint.

50.     Pennington denies the allegations of Paragraph 50 of the Amended Complaint.

51.     Pennington denies the allegations of Paragraph 51 of the Amended Complaint.

52.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 52 of the Amended Complaint and, therefore, denies the same.

53.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 53 of the Amended Complaint and, therefore, denies the same.

54.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 54 of the Amended Complaint and, therefore, denies the same.

55.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 55 of the Amended Complaint and, therefore, denies the same.

8

56. Pennington admits the allegations of Paragraph 56 of the Amended Complaint.

57. Pennington denies the allegations of Paragraph 57 of the Amended Complaint.

58. Pennington denies the allegations of Paragraph 58 of the Amended Complaint.

**FOR A FIRST DEFENSE**
**To Allegations Regarding Alleged Data Theft and Concealment**

59. Answering the allegations of Paragraph 59 of the Amended Complaint, Pennington admits that on July 10, 2023, counsel for Movement sent the correspondence that is attached to the Amended Complaint as Exhibit H. Answering the remaining allegations of Paragraph 59 of the Amended Complaint, Pennington refers to the correspondence that is attached as Exhibit H.

60. Answering the allegations of Paragraph 60 of the Amended Complaint, Pennington admits that on July 13, 2023, counsel for Summit sent the correspondence that is attached to the Amended Complaint as Exhibit I. Answering the remaining allegations of Paragraph 60 of the Amended Complaint, Pennington refers to that correspondence that is attached as Exhibit I.

61. Pennington is without sufficient information to admit or deny the allegations of Paragraph 61 of the Amended Complaint and, therefore, denies the same.

62. Pennington is without sufficient information to admit or deny the allegations of Paragraph 62 of the Amended Complaint and, therefore, denies the same.

63. Pennington is without sufficient information to admit or deny the allegations of Paragraph 63 of the Amended Complaint and, therefore, denies the same.

64. Answering the allegations of Paragraph 64, Pennington admits only that Movement used a system called DOMO but denies the remaining allegations of Paragraph 64.

65. Answering the allegations of Paragraph 65 of the Amended Complaint, Pennington denies the allegation that Pennington was breeding dissent among Movement's loan officers but

9

is without sufficient information to admit or deny the remaining allegations of Paragraph 66 and, therefore, denies the same.

66.     Answering the allegations of Paragraph 66 of the Amended Complaint, Pennington denies such allegations to the extent they allege that Pennington used any information from Movement to target its loan officers or identify and match characteristics that would uniquely fit Summit's business now and in the future. Pennington is without sufficient information to admit or deny the remaining allegations of Paragraph 66 of the Amended Complaint and, therefore, denies the same.

67.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 67 of the Amended Complaint and, therefore, denies the same.

68.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 68 of the Amended Complaint and, therefore, denies the same.

69.     Answering the allegations of Paragraph 69 of the Amended Complaint, Pennington denies such allegations to the extent they allege that Pennington copied any information or used any information from Movement. Pennington is without sufficient information to admit or deny the remaining allegations of Paragraph 69 of the Amended Complaint and, therefore, denies the same.

70.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 70 of the Amended Complaint and, therefore, denies the same.

71.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 71 of the Amended Complaint and, therefore, denies the same.

72.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 72 of the Amended Complaint and, therefore, denies the same.

73.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 73 of the Amended Complaint and, therefore, denies the same.

74.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 74 of the Amended Complaint and, therefore, denies the same.

75.     Pennington denies the allegations of Paragraph 75 of the Amended Complaint.

**FOR A FIRST DEFENSE**
**To Allegations Regarding Alleged Successful and Improper Solicitation of Movement Staff**

76.     Pennington denies the allegations of Paragraph 76 of the Amended Complaint.

77.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 77 of the Amended Complaint and, therefore, denies the same.

78.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 78 of the Amended Complaint and, therefore, denies the same.

79.     Pennington denies the allegations of Paragraph 79 of the Amended Complaint.

80.     Pennington denies the allegations of Paragraph 80 of the Amended Complaint.

81.     Pennington denies the allegations of Paragraph 81 of the Amended Complaint.

82.     Pennington denies the allegations of Paragraph 82 of the Amended Complaint.

83.     Pennington denies the allegations of Paragraph 83 of the Amended Complaint.

84.     Pennington denies the allegations of Paragraph 84 of the Amended Complaint.

85.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 85 of the Amended Complaint and, therefore, denies the same.

86.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 86 of the Amended Complaint and, therefore, denies the same.

87.     Pennington denies the allegations of Paragraph 87 of the Amended Complaint, including all subparts.

88.     Pennington denies the allegations of Paragraph 88 of the Amended Complaint.

89.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 89 of the Amended Complaint and, therefore, denies the same.

90.     Pennington denies the allegations of Paragraph 90 of the Amended Complaint.

91.     Pennington denies the allegations of Paragraph 91 of the Amended Complaint.

92.     Answering the allegations of Paragraph 92 of the Amended Complaint, Pennington denies that he was involved in any wrongdoing or concealment by Pennington or Summit. Pennington denies the remaining allegations of Paragraph 92.

93.     Pennington denies the allegations of Paragraph 93 of the Amended Complaint.

### FOR A FIRST DEFENSE
### TO COUNT I
**(Alleged Breach of Contract Against Defendants Shelton, Schoolfield, Covett, Plymale, and Frye)**

94.     Answering the allegations of Paragraph 94 of the Amended Complaint, Pennington repeats and reiterates the previous paragraphs as if set forth fully herein.

95.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 95 of the Amended Complaint and, therefore, denies the same.

96.     Answering the allegations of Paragraph 96 of the Amended Complaint, Pennington refers to the documents attached as Exhibits A through G to the Amended Complaint and denies the allegations to the extent inconsistent therewith and denies that the restrictions are enforceable.

97.     Pennington denies the allegations of Paragraph 97 of the Amended Complaint.

98.     Pennington denies the allegations of Paragraph 98 of the Amended Complaint.

99.     Pennington denies the allegations of Paragraph 99 of the Amended Complaint.

100.    Pennington denies the allegations of Paragraph 100 of the Amended Complaint.

101.     Answering the allegations of Paragraph 101 of the Amended Complaint, Pennington refers to the documents attached as Exhibits A through G to the Amended Complaint and denies the allegations to the extent inconsistent therewith and denies that the restrictions are enforceable.

102.     Answering the allegations of Paragraph 102 of the Amended Complaint, Pennington refers to the documents attached as Exhibits A through G to the Amended Complaint and denies the allegations to the extent inconsistent therewith and denies that the restrictions are enforceable.

103.     Pennington denies the allegations of Paragraph 103 of the Amended Complaint.

<u>**FOR A FIRST DEFENSE**</u>
<u>**TO COUNT II**</u>
**(Alleged Breach of Fiduciary Duty Against Defendants Pennington, Shelton, Plymale, and Schoofield)**

104.     Answering the allegations of Paragraph 104 of the Amended Complaint, Pennington repeats and reiterates the previous paragraphs as if set forth fully herein.

105.     Pennington denies the allegations of Paragraph 105 of the Amended Complaint.

106.     Pennington denies the allegations of Paragraph 106 of the Amended Complaint.

107.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 107 of the Amended Complaint and, therefore, denies the same.

108.     Pennington denies the allegations of Paragraph 108 of the Amended Complaint.

109.     Pennington denies the allegations of Paragraph 109 of the Amended Complaint.

110.     Pennington denies the allegations of Paragraph 110 of the Amended Complaint.

111.     Pennington denies the allegations of Paragraph 111 of the Amended Complaint.

112.     Pennington denies the allegations of Paragraph 112 of the Amended Complaint.

## FOR A FIRST DEFENSE
## TO COUNT III
## (Alleged Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act 18 U.S.C.A. § 1836 Against Defendants Shelton, Plymale, and Summit)

113.    Answering the allegations of Paragraph 113 of the Amended Complaint, Pennington repeats and reiterates the previous paragraphs as if set forth fully herein.

114.    The allegations of Paragraph 114 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent such a response is necessary, Pennington refers to the applicable statute and denies the allegations of Paragraph 114 to the extent inconsistent therewith.

115.    Pennington is without sufficient information to admit or deny the allegations of Paragraph 115 of the Amended Complaint and, therefore, denies the same.

116.    Pennington denies the allegations of Paragraph 116 of the Amended Complaint.

117.    Pennington is without sufficient information to admit or deny the allegations of Paragraph 117 of the Amended Complaint and, therefore, denies the same.

118.    Pennington is without sufficient information to admit or deny the allegations of Paragraph 118 of the Amended Complaint and, therefore, denies the same.

119.    Pennington is without sufficient information to admit or deny the allegations of Paragraph 119 of the Amended Complaint and, therefore, denies the same.

120.    Pennington is without sufficient information to admit or deny the allegations of Paragraph 120 of the Amended Complaint and, therefore, denies the same.

121.    Pennington is without sufficient information to admit or deny the allegations of Paragraph 121 of the Amended Complaint and, therefore, denies the same.

122.    Pennington is without sufficient information to admit or deny the allegations of Paragraph 122 of the Amended Complaint and, therefore, denies the same.

14

123.    Pennington is without sufficient information to admit or deny the allegations of Paragraph 123 of the Amended Complaint and, therefore, denies the same.

124.    Pennington is without sufficient information to admit or deny the allegations of Paragraph 124 of the Amended Complaint and, therefore, denies the same.

**FOR A FIRST DEFENSE**
**TO COUNT IV**
**(Alleged Misappropriation of Trade Secrets in Violation of the North CarolinaTrade Secrets Protection Act Against Defendants Shelton, Plymale, and Summit)**

125.    Answering the allegations of Paragraph 125 of the Amended Complaint, Pennington repeats and reiterates the previous paragraphs as if set forth fully herein.

126.    The allegations of Paragraph 126 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent such a response is necessary, Pennington refers to the applicable statute and denies the allegations of Paragraph 126 to the extent inconsistent therewith.

127.    The allegations of Paragraph 127 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent such a response is necessary, Pennington refers to the applicable statute and denies the allegations of Paragraph 127 to the extent inconsistent therewith.

128.    The allegations of Paragraph 128 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent such a response is necessary, Pennington refers to the applicable statute and denies the allegations of Paragraph 128 to the extent inconsistent therewith.

129.    Pennington is without sufficient information to admit or deny the allegations of Paragraph 129 of the Amended Complaint and, therefore, denies the same.

130.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 130 of the Amended Complaint and, therefore, denies the same.

131.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 131 of the Amended Complaint and, therefore, denies the same.

132.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 132 of the Amended Complaint and, therefore, denies the same.

133.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 133 of the Amended Complaint and, therefore, denies the same.

134.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 134 of the Amended Complaint and, therefore, denies the same.

135.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 135 of the Amended Complaint and, therefore, denies the same.

136.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 136 of the Amended Complaint and, therefore, denies the same.

137.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 137 of the Amended Complaint and, therefore, denies the same.

**FOR A FIRST DEFENSE**
**TO COUNT V**
**(Alleged Tortious Interference with Contractual Relations Against Defendants Summit and Pennington)**

138.     Answering the allegations of Paragraph 138 of the Amended Complaint, Pennington repeats and reiterates the previous paragraphs as if set forth fully herein.

139.     Answering the allegations of Paragraph 139 of the Amended Complaint, Pennington refers to Exhibits A through G and denies the allegations of Paragraph 139 to the extent inconsistent therewith, and denies that any such restrictions are enforceable.  Pennington is without

sufficient information to admit or deny the remaining allegations of Paragraph 139 of the Amended Complaint and, therefore, denies the same.

140. Answering the allegations of Paragraph 140 of the Amended Complaint, Pennington admits only that he was aware that Defendants Schoolfield, Shelton, Plymale, Covett, and Frye had employment agreements but denies that he had knowledge of any particular provisions.

141. Pennington denies the allegations of Paragraph 141 of the Amended Complaint.

142. Pennington denies the allegations of Paragraph 142 of the Amended Complaint.

143. Pennington denies the allegations of Paragraph 143 of the Amended Complaint.

144. Pennington denies the allegations of Paragraph 144 of the Amended Complaint.

145. Pennington denies the allegations of Paragraph 145 of the Amended Complaint.

146. Pennington denies the allegations of Paragraph 146 of the Amended Complaint.

**FOR A FIRST DEFENSE**
**TO COUNT V**
**(Alleged Civil Conspiracy Against All Defendants)**

147. Answering the allegations of Paragraph 147 of the Amended Complaint, Pennington repeats and reiterates the previous paragraphs as if set forth fully herein.

148. Pennington denies the allegations of Paragraph 148 of the Amended Complaint.

149. Pennington denies the allegations of Paragraph 149 of the Amended Complaint.

150. Pennington denies the allegations of Paragraph 150 of the Amended Complaint.

151. Pennington denies the allegations of Paragraph 151 of the Amended Complaint.

**FOR A FIRST DEFENSE**
**TO COUNT VII**
**(Alleged Violation of the North Carolina Unfair and Deceptive Trade Practices Act Against**
**All Defendants)**

152.     Answering the allegations of Paragraph 152 of the Amended Complaint, Pennington repeats and reiterates the previous paragraphs as if set forth fully herein.

153.     The allegations of Paragraph 153 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent such a response is necessary, Pennington refers to the applicable statute and denies the allegations of Paragraph 153 to the extent inconsistent therewith.

154.     The allegations of Paragraph 154 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent such a response is necessary, Pennington refers to the applicable statute and denies the allegations of Paragraph 154 to the extent inconsistent therewith.

155.     The allegations of Paragraph 155 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent such a response is necessary, Pennington refers to the applicable statute and denies the allegations of Paragraph 155 to the extent inconsistent therewith.

156.     Pennington denies the allegations of Paragraph 156 of the Amended Complaint.

157.     Pennington denies the allegations of Paragraph 157 of the Amended Complaint.

158.     Pennington is without sufficient information to admit or deny the allegations of Paragraph 158 of the Amended Complaint and, therefore, denies the same.

159.     Pennington denies the allegations of Paragraph 159 of the Amended Complaint.

160.     Pennington denies the allegations of Paragraph 160 of the Amended Complaint.

161.     Pennington denies the allegations of Paragraph 161 of the Amended Complaint.

18

162.     Regarding Plaintiff's prayer for relief, Pennington submits that no response is necessary.  To the extent that such a response is necessary, Pennington denies the same.

163.     Pennington denies each and every allegation contained in the Amended Complaint, including all numbered paragraphs, citations to exhibits, and prayers for relief, unless the same is expressly admitted herein.

## FOR A SECOND DEFENSE

164.     The Amended Complaint fails to state a claim upon which relief can be granted.

## FOR A THIRD DEFENSE

165.     Plaintiff lacks personal jurisdiction over Pennington, and Pennington has not been served with process in this matter.

## FOR A FOURTH DEFENSE

166.     Plaintiff's claims are barred under the doctrines of waiver, estoppel, unclean hands, and other such defenses available in equity.

## FOR A FIFTH DEENSE

167.     Plaintiff's claim for tortious interference with a contract fails because the restrictions are unenforceable as a matter of law.

## FOR A SIXTH DEFENSE

168.     Plaintiff's claim for punitive damages violates the United States Constitution and should be dismissed.

## FOR A SEVENTH DEFENSE
## AND BY WAY OF COUNTERCLAIMS

169.     Pennington is a resident of Lake Wylie, South Carolina.

170.     Movement is a Delaware limited liability company with a principal place of business in Lancaster County, South Carolina.

19

171.    This Court has personal jurisdiction over Movement over this Counterclaim.

172.    This Court may have subject matter jurisdiction over the Counterclaims hereto to the extent the Counterclaims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

173.    Pennington was employed by Movement from 2008 until July of 2023.  He was one of the company's earliest employees.  In 2019, he was in charge of Movement's east coast sales operations.   Movement had offered an annual compensation plan for 2019 that included commissions to Pennington equal to 4% of the net profits made by Movement in the areas he managed.  Pennington accepted the plan and performed his job for Movement.

174.    In 2020, Movement sought to make Pennington Co-National Sales Director. Movement proposed an annual compensation Plan to Pennington for 2020 of a $250,000 salary and commissions equal to 2% of net profits for all sales.  This represented a smaller percentage than in 2019, but it covered Movement's entire geographic range and not just the east coast. Pennington accepted the offer and began working to help Movement generate revenues in 2020. There was no cap on his earning potential for either 2019 or 2020.

175.    Pennington was paid commissions by Movement based on annual profits in the calendar year, although it was paid on a monthly basis two months in arrears.  For example, payment based on company performance through March 2020 was due Pennington on May 1, 2020.

176.    If Movement experienced a loss in a particular month, Pennington would not receive a commission.  Movement then carried those losses forward into the subsequent months until profits in those subsequent months eclipsed the losses that had carried forward. Due to the

nature of the business and when people take out loans, typically, the first few months of the calendar year are losses and the profits are made starting thereafter. Pennington's compensation was determined at the end of the calendar year with any final payment being due in February of the subsequent year because he was paid two months in arrears. The calculation would start over each calendar year.

177. Late in the 2020 plan year, after Mr. Pennington had worked diligently to generate profits and profit potential for Movement, Casey Crawford, Movement's CEO, orally told Pennington that his 2020 compensation would be capped, notwithstanding the parties' agreement, because Pennington was "on track to make over $7 million and that is too much money." Pennington was not notified in writing in advance of any changes. Upon information and belief, Mr. Crawford understood that forecasted profits for the balance of 2020 were going to be well in excess of $150,000,000 and he did not want to pay the promised amount to Pennington.

178. Pennington fully performed his duties as Movement's Co-National Director of Sales for 2020. Rather than receive the total plan compensation for 2020, Movement underpaid Pennington by a total of at least $3,267,544.86, with the first failure of payment occurring on or about November 1, 2020.

179. Beginning in January 2021, Movement offered Pennington a new position, Executive Vice President of Recruiting, along with a fixed salary. Pennington accepted this position.

## FOR A SEVENTH DEFENSE
## AND BY WAY OF A FIRST COUNTERCLAIM

180. Pennington incorporates by reference the preceding allegations.

181. Movement offered Mr. Pennington commissions equal to 2% of Movement's 2020 net profits in exchange for him being Movement's Co-National Director of Sales for 2020. Mr. Pennington accepted this offer.

182. A valid and binding contract existed between Mr. Pennington and Movement whereby Pennington would work for Movement as Co-National Director of Sales for 2020 in exchange for Movement paying Pennington commissions in the amount of 2% of Movement's 2020 net profits.

183. Pennington fully performed his duties as Movement's Co-National Director of Sales for the entirety of 2020, generating in excess of $390,000,000 in net profit for Movement.

184. Movement breached the contract by failing and refusing to pay Pennington the compensation he was due.

185. Pennington is entitled to recover from Movement the full amount of unpaid wages, which are believed to be $3,267,544.86. He is also entitled to liquidated damages.

**FOR A SEVENTH DEFENSE**
**AND BY WAY OF SECOND COUNTERCLAIM**
**(Violation of the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10, et seq.)**

186. Pennington incorporates by reference the preceding allegations.

187. Movement is an employer within the meaning of the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10, et seq. (the "SCPWA").

188. The commissions of 2% of 2020 net profit promised and contractually owed to Mr. Pennington constitutes wages within the meaning of the SCPWA.

189. Movement has breached the SCPWA by not making wage payments to Mr. Pennington when they became due, and also by failing to provide written notice of a purported change in wages at least seven calendar days before they became effective.

190.     Pennington is entitled to recover from Movement three times the full amount of unpaid wages, or $9,802,634.58.  In addition, he is entitled to costs and reasonable attorneys' fees.

191.     Pennington demands a jury trial as to his counterclaims.

### PRAYER FOR RELIEF:

Wherefore, Pennington requests that the Court:

1.      Dismiss Plaintiff's Amended Complaint with prejudice;

2.      Enter judgment in his favor and against Movement for $3,267,544.86 on Pennington's First Counterclaim, plus prejudgment and post-judgment interest;

3.      Enter judgment in his favor and against Movement for $9,802,634.58 on Pennington's Second Counterclaim, plus prejudgment and post-judgment interest;

4.      Award him his reasonable attorneys' fees;

5.      Tax the costs of this action against Movement;

6.      Provide for trial by jury on all issues so triable; and

7.      Award such other and further relief as is just and proper.

*s/ Denny P. Major*
Denny P. Major, Fed ID No. 10225
 (*admitted pro hac vice*)
HAYNSWORTH SINKLER BOYD, P.A.
Post Office Box 11889
Columbia, South Carolina 29211
(803) 779.3080 - telephone
dmajor@hsblawfirm.com

Christopher B. Major, Fed. ID No. 31663
HAYNSWORTH SINKLER BOYD, P.A.
ONE North Main, 2nd Floor (29601)
P.O. Box 2048
Greenville, SC  29602
(864) 240-320
(864) 240-3300
cmajor@hsblawfirm.com

*Attorneys for Defendants Summit Funding, Inc. and Deran Pennington*

October 31, 2023

23