UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00633-RJC

| | |
|---|---|
| MOVEMENT MORTGAGE LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SUMMIT FUNDING, INC., MATT )<br>SCHOOLFIELD, CHRIS SHELTON, )<br>DERAN PENNINGTON, LINDA )<br>PLYMALE, HEATHER FRYE, and )<br>JOSH COVETT, )<br>)<br>Defendants. )<br>) | **STIPULATED PRELIMINARY INJUNCTION** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"), (Doc. No. 4), and the parties' related agreement.

**WHEREAS** Plaintiff Movement Mortgage ("Movement") filed a Verified Complaint against Defendants Summit Mortgage, Deran Pennington, Chris Shelton, Matt Schoolfield, Linda Plymale, Josh Covett and Heather Frye (collectively, "Defendants") on or about October 5, 2023;

**WHEREAS** Movement claims Defendants have violated restrictive covenants, misappropriated trade secrets, and engaged in unfair competition, among other things, as alleged in the Complaint;

**WHEREAS** Defendants deny all allegations set forth in Movement's Complaint and deny any wrongdoing in connection with this litigation and/or their

1

separation from or activities concerning Movement and/or their former employment with Movement;

**WHEREAS** on October 13, 2023, Movement the Motion, (Doc. No. 4), seeking the inspection rights of data devices, the identification and return of Movement materials, and the cessation of solicitations of its staff;

**WHEREAS** Defendants deny that Movement is entitled to any relief sought in the Motion;

**WHEREAS** the Parties, without any acknowledgement of wrongdoing and without any admission of fault or responsibility, and reserving without waiver all defenses, rights, arguments, and positions in this litigation have stipulated to the following:

**IT IS, THEREFORE, ORDERED**:

1. Within five (5) days of the entry of this Order, Defendants Pennington, Shelton, Schoolfield, and Plymale shall identify to Movement all Devices in their possession, custody, or control as of the date of the filing of the Complaint. Defendant Summit shall identify to Movement all Devices that Summit has given to Pennington, Shelton, Schoolfield, and Plymale, as well as the shared storage systems under Summit's control to which the Individual Defendants have had access. As set forth herein, "Devices" means any computer, phone, data storage device, personal data device (such as an iPad), online or cloud storage, or email accounts.

2

Case 3:23-cv-00633-RJC-DCK   Document 23   Filed 11/03/23   Page 2 of 8

2. Within ten (10) days of the execution of this Order, the parties shall file a Confidentiality and Protective Order to be separately agreed to and submitted to the Court.

3. Movement will select the identified Devices to be imaged by an agreed upon third party Forensic Consultant (the "Forensic Consultant"). Defendants may object to any selection at which point, if unresolved, the Parties may bring the matter to the Court for resolution. Furthermore, a shared drive or cloud storage of Summit shall not be included in imaging, although Movement can select a shared drive or cloud storage to be searched, with Summit retaining the right to object to such selection, which also shall be brought to the Court's attention if unresolved.

4. The Parties shall work toward negotiating a consent ESI protocol for the purpose of identifying and removing/returning confidential or proprietary Movement data and shall submit the consent ESI protocol to the Court within ten (10) days of this Order. Although the precise parameters shall be set forth in the ESI protocol, in general, it shall provide for:

    a. Movement to identify search terms to be run against the Devices selected by Movement;

    b. An opportunity by Defendants to object to the search terms proposed by Movement;

    c. The delivery of all responsive materials to Counsel for the particular Defendant whose Device was searched;

d. The right of Defendants to object to and request the exclusion from production of any responsive materials;

e. The production of all other materials to Movement along with a privilege log reasonably identifying any withheld documents (on the basis of privilege, work product, relevance, etc.); and

f. The ability for any Party to seek Court intervention if the Parties cannot resolve any objections.

5. Within ten (10) days of disclosure of the search results to Movement, Movement shall designate to counsel for Defendants all documents it demands be destroyed. Counsel for Defendants shall have the opportunity to object to the designation of such materials for destruction, with the Court to resolve any disagreements. Subject thereto, counsel for Defendants will ensure that all such documents are destroyed and deleted from any Device.

6. Defendants and their counsel will certify the destruction of materials and identify any persons or entities that have been provided access to or provided a copy in any form – electronic or physical – of any information that is identified by Movement as confidential or proprietary. Notwithstanding the foregoing, Defendants have the right to petition the Court for a protective order if Defendants object to the destruction or return of any information designated by Movement hereunder.

7. Defendants and Plaintiff agree that each party may serve ten (10) interrogatories, ten (10) document requests, and ten (10) requests for admission per party and that such discovery shall be expedited with a response within 21 days of

service. This Expedited Discovery shall be in addition to and shall not serve as a limitation of any other discovery in the litigation, except with respect to the total number of interrogatories.

8. In addition to the relief set forth herein, Defendants shall not directly or indirectly solicit any Movement employee to leave Movement and/or join Summit:

    a. If Defendants have already solicited that individual since June 1, 2023; and/or

    b. If Defendants are directly or indirectly using use any confidential or proprietary information obtained from Movement to aid or facilitate such solicitation.

For purposes of this Order, "indirect" solicitation shall not include generally or publicly viewable social media posts that relate generally to Summit or a job position at Summit, provided they are not targeted at, sent to, or specifically described or identified via any form of communication to any Movement employee (or a Movement employee). Notwithstanding the foregoing and without waiving Movement's claims for damages, it shall not be a violation of this Order if a Movement Employee that has already received a written offer of employment accepts such offer without further solicitation.

9. Defendants Shelton, Schoolfield, Plymale, Covett and Frye agree they will not directly or indirectly solicit any current Movement employee to leave Movement and/or join Summit. Notwithstanding the foregoing, Defendants have the right to petition the Court for reversal of this restriction.

10. Defendant Pennington agrees that from the date this stipulation is entered and for a period of ninety (90) days thereafter, he will not directly or indirectly solicit any current Movement employee to leave Movement and/or join Summit. Movement shall have the right to petition for continuance of this restriction without prejudice.

11. Defendants further agree they will not directly or indirectly make any statement or suggest that Movement intended to or intends to lower compensation for any Movement employee(s), except that a statement by any employee of Summit holding the position of Branch Manager or below such position on the organizational chart, acting independently and without knowledge of this litigation and/or this Order, shall not be a violation of this Order, provided that they were not acting at the instruction, suggestion, or encouragement of any other Defendant herein. Notwithstanding the foregoing, Defendants have the right to petition the Court for reversal of this restriction.

12. Summit further agrees to identify to Movement on a strictly Attorneys' Eyes Only Basis (to include in-house counsel) the identity of all Movement employees to whom it has provided written offers of employment or otherwise solicited since July 1, 2023, to the date this stipulation is filed.

13. For clarity, "solicit," "solicited," and "solicitation" herein mean any Defendant's initial contact (by any means), whether directly or indirectly (such as behind-the-scenes collaboration with another person), of an off-limits Movement employee for the purpose of recruiting such Movement employee to Summit.

Accordingly, it shall not be a violation of this Order for any Defendant to recruit or attempt to recruit any Movement employee who independently and without any encouragement or solicitation by any Defendant, directly or indirectly (such as behind-the-scenes collaboration with another person), affirmatively elects to initiate contact with any Defendant with intention to leave Movement and/or to join, or to consider joining, Summit, so long as that employee's actions are not the result of any direct or indirect solicitation by any Defendant in violation of the terms of this Order.

14. All parties agree that, notwithstanding anything to the contrary, they are under a continuing obligation to preserve all information and materials relevant to this dispute. Defendants will not delete any information on any Device to which the Individual Defendants have had access, except as set forth and in accordance with the terms of this Order and may not take any actions to disseminate, copy or share any information that:

    a. Concerns Movement,

    b. Was obtained from Movement, and

    c. Is contained on their Devices.

15. All parties agree that the deadlines set forth herein may be extended by mutual agreement of the parties.

16. Defendants are not precluded from filing a motion to dissolve this Stipulation and Order, or any portion thereof, nor is Plaintiff precluded from seeking further additional relief.

17.     The Parties acknowledge that this Stipulation is entered into by consent and with the agreement of all Parties and its execution may not be considered as an indicia of the final outcome of the merits of this litigation.

Signed: November 3, 2023

Robert J. Conrad, Jr.
United States District Judge