IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

MOVEMENT MORTGAGE, LLC

    Plaintiff,

  v.

DERAN PENNINGTON, CHRIS SHELTON,
MATT SCHOOLFIELD, LINDA PLYMALE,
HEATHER FRYE, JOSH COVETT and
SUMMIT FUNDING, INC.,

    Defendants.

Civil Action No. 3:23-cv-00633

## ESI AND COMPUTER FORENSIC SEARCH PROTOCOL

The following protocol (the "Protocol") will govern the production of electronically stored information ("ESI") and the examination of electronic storage devices and third-party accounts containing ESI to be inspected as part of the discovery in the above-referenced lawsuit (this "Matter");

**Parties**. As used herein, the "Parties" shall mean the parties to this action and "Party" shall mean any one party to this action. The Plaintiff in this action shall be referred to as "Movement." Defendants Pennington, Shelton, Schoolfield, Plymale, Frye (collectively the "Individual Defendants") and Summit Funding, Inc. ("Summit") shall be collectively known as "Defendants" and each a "Defendant."

**Background and Context**. In this Matter, Plaintiff alleges that its former employees, the Individual Defendants, conspired with Summit to take certain information from Movement's computer systems and cloud-based storage accounts. Defendants deny Movement's allegations. Accordingly, the Parties will conduct some discovery of ESI, as set forth in the November 3, 2023, Stipulated Preliminary Injunction Order (ECF No. 23) ("PI Order"), which will consist of forensic analysis of the transfer of any of Movement's confidential and proprietary files and information ("Movement's Files/Information"), as well as the computer systems or electronic storage devices ("ESD") which were used or impacted by any such alleged transfer of information.

**Forensic Analysis.** Movement's objective is to conduct an inspection of devices in accordance with the PI Order to determine any access to, use of, and/or further dissemination or transfer of Movement's Files/Information, and to then ensure the removal of that information from Defendants' devices and/or servers. Defendants have or will engage the services of Reliance Forensics to conduct this process.

**Imaged Devices**. Any computers or ESD to be examined in accordance with the PI

Order ("Imaged Devices") will have a mirror image or, as applicable, forensic extraction, created of the device by Reliance Forensics (hereinafter "Forensic Images"). Reliance Forensics will create the Forensic Images in a format that preserves and secures the original data from the Imaged Devices in a format that can be searched.

**Chain of Custody**. While in the custody of Reliance Forensics, except as otherwise set forth herein or otherwise ordered by the Court, the Forensic Images and the data contained thereon shall be secured so as not to be accessed by any Party, person, or entity, for any purpose. Except as otherwise set forth herein or otherwise ordered by the Court, Reliance Forensics shall not disclose any contents of the Forensic Images other than to counsel for Parties to this lawsuit. Reliance Forensics shall not disclose to anyone, other than to counsel providing privilege screening search terms, any files, data, or information that are the result of the privilege searches referenced below, unless and until the Parties' counsel agree to such disclosure or pursuant to an Order of the Court allowing or directing such disclosure.

**Search/Privilege Screening**. For each Defendant, Movement's counsel has or shall provide proposed search terms to counsel for the Defendant ("Supplying Counsel") for the purpose of identifying and removing/returning Movement's Files/Information. Supplying Counsel shall have the opportunity to object to the search terms proposed by Movement. The Parties shall in good faith work together to resolve any dispute concerning search terms prior to seeking Court intervention. Once search terms have been agreed upon, Reliance Forensics shall search the Forensic Images using the agreed upon search terms.

For each Imaged Device, Reliance Forensics shall first provide to counsel for the Defendant to whom the Imaged Device belongs the number of and a listing of the files[1] that are hits from these searches. Such counsel will review the listing (the listing itself, not also, at this point, the files listed) for any personal or business information any Defendant asserts should not be shared with another Party. If the listing contains any such information, such information will be omitted or redacted from the listing (with explanation to all other Parties and subject to objection by any other Party, such objection to be resolved through good faith discussion or, barring that, resolution by the Court). After any such omissions and/or redactions, Reliance Forensics shall provide to all counsel the number of and a listing of the files that are hits from these searches. At this point, Supplying Counsel and Movement's counsel shall have the opportunity to object to any search term(s) that return an inordinate number of hits that do not identify Movement's Files/Information. In that event, the Parties shall in good faith work together to modify the search terms and to resolve any dispute concerning modified search terms prior to seeking Court intervention. Once any modified search terms have been agreed upon, Reliance Forensics shall search the Forensic Images using the agreed upon modified search terms. The files that are hits from searches based on searched terms finally agreed upon are hereinafter referred to as the "Search Hits." Reliance Forensics shall export the native Search Hits and provide them to Supplying Counsel as soon as practicable. Supplying Counsel shall have the opportunity to review the Search Hits. Supplying Counsel has the right to object to and request exclusion from the Search Hits documents that defendant believes to be privileged or

---

[1] As used herein, the term "files" includes file fragments as well as both deleted and undeleted files.

otherwise not subject to disclosure in accordance with the PI Order. Within ten (10) days of receiving the Search Hits, Supplying Counsel shall produce to counsel for Movement a log reasonably identifying any withheld files, data, or information, including the basis or bases for the same. The Parties shall in good faith work collaboratively to resolve all issues concerning withheld files, data, or information prior to seeking Court intervention. Any dispute over any claim of privilege or objection that cannot be resolved by the Parties may be resolved by the Court, which may make an in-camera inspection of any files that are the subject of any dispute.

Within seven (7) days of producing the log, Supplying Counsel shall request that Reliance Forensics provide Movement's counsel with copies of all remaining files, including all related metadata pertaining to those files. Movement's counsel may then provide copies of those files to Movement unless the files have been designated as "Attorneys Eyes Only."

If, at any time after production of copies of the files for which Supplying Counsel has not claimed privilege or otherwise withheld, Supplying Counsel determines that a file or any data or information was produced that should have been withheld, Supplying Counsel shall so inform Movement's counsel in writing. Movement's counsel shall immediately destroy any copies of the inadvertently produced file, data, or information, including recovering and destroying any copies counsel has provided to Movement. Such clawed-back file(s), data, or information shall not be used in this litigation or for any other purpose, and the information derived from such shall not be used for any purpose either.

**Connected Devices:** Reliance Forensics shall create, for each Forensic Image, a list of any and all devices or external drives that have been connected to or utilized with (hereafter "Connected Devices") each Imaged Device to the extent such information is available, including, to the extent available, the make and model number of the Connected Device, the serial number of the Connected Device, any other identification information pertaining to the Connected Device, Movement's Files/Information viewed from the Connected Device, if available, and any and all dates and times the Connected Device was connected. Reliance Forensics shall furnish a copy of this list to counsel for the Parties, which can also be provided to the Parties, unless any such file(s), data, or information has been designated as "Attorneys Eyes Only." Further, Reliance Forensics shall identify any actions that appear to have been taken to delete Movement's Files/Information from the advice including the date of such deletions and if possible the types of and extent of Movement's Files/Information which was deleted.

**Costs and Expenses**. Defendants shall bear the costs relating to any forensic search or analysis initiated under this protocol.

**Return and Removal of Information**. Pursuant to its review, Movement may identify files, data, and/or information that it claims should be returned to Movement and/or removed from the Imaged Devices. Counsel for the Parties shall in good faith confer regarding the removal of any such files from any of the Imaged Devices and a procedure for any such removal. Any dispute regarding the removal of any file, data, or information from any of the Imaged Devices will be resolved by the Court.

**Cooperation**. The parties recognize that searches for, inspection of, and production of

electronically stored information may involve unforeseen issues and difficulties and, therefore, agree to act in good faith to negotiate any modifications to this Search Protocol that are reasonably necessary to avoid unnecessary or undue cost or burden.

**IT IS SO AGREED** this 8th day of January 2024.

*Attorneys for Plaintiff,*

/s/ Ari Karen
Ari Karen (Admitted PHV)
V. Amanda Witts (Admitted PHV)
Alexander Rogosa (Admitted PHV)
MITCHELL SANDLER PLLC
1120 20th Street NW, Suite 725
Washington, DC 20036
Office: (202) 886-5265
E-mail: akaren@mitchellsandler.com
   v.awitts@mitchellsandler.com
   arogosa@mitchellsandler.com

G. Bryan Adams, III (NC Bar No. 17307)
C. Grainger Pierce, Jr. (NC Bar No. 27305)
VAN HOY, REUTLINGER, ADAMS & PIERCE, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 375-6022
Fax: (704) 375-6024
Email: bryan.adams@vraplaw.com
   grainger.pierce@vraplaw.com

*Attorneys for Defendants Deran Pennington and Summit Funding,*

s/ Denny P. Major
Denny P. Major, Fed ID No. 10225
(*admitted pro hac vice*)
HAYNSWORTH SINKLER BOYD, P.A.
P.O. Box 11889
Columbia, South Carolina 29211
Telephone: (803) 779-3080
dmajor@hsblawfirm.com

Christopher B. Major, Fed. ID No. 31663
HAYNSWORTH SINKLER BOYD, P.A.
ONE North Main, 2nd Floor (29601)
P.O. Box 2048
Greenville, South Carolina 29602
Telephone: (864) 240-3200
Fax: (864) 240-3300
cmajor@hsblawfirm.com

*Attorneys for Defendants Shelton, Schoolfield, Plymale, Frye, and Covett,*

/s/ Jared Gardner
Jared Gardner (NC Bar No. 28275)
Bruce J. Kennedy (NC Bar No. 55158)
GARDNER SKELTON
505 East Boulevard
Charlotte, NC 28203
Telephone: (704) 335-0350
Fax: (704) 390-7027
Email: jared@gardnerskelton.com
   bkennedy@garnderskelton.com