# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| MOVEMENT MORTGAGE, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>DERAN PENNINGTON, CHRIS SHELTON, MATT SCHOOLFIELD, LINDA PLYMALE, HEATHER FRYE, JOSH COVETT, and SUMMIT FUNDING, INC.<br><br>    Defendant. | Civil Action No.: 3:23-cv-00633-RJC-DCK<br><br><br>**DEFENDANT DERAN PENNINGTON'S AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT AND AMENDED COUNTERCLAIM** |

   Defendant Deran Pennington ("Pennington"), by and through its undersigned counsel, answers Plaintiff Movement Mortgage, LLC's ("Plaintiff or Movement") Third Verified Amended Complaint for Injunctive Relief and for Damages as to Certain Defendants (the "Third Amended Complaint") as follows:

## FOR A FIRST DEFENSE

### The Parties

   1.  Upon information and belief, Pennington admits the allegations of Paragraph 1 of the Third Amended Complaint.

   2.  Pennington admits the allegations of Paragraph 2 of the Third Amended Complaint.

   3.  Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3 of the Third Amended Complaint and therefore denies the same.

4.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 4 of the Third Amended Complaint and therefore denies the same.

5.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 5 of the Third Amended Complaint and therefore denies the same.

6.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6 of the Third Amended Complaint and therefore denies the same.

7.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7 of the Third Amended Complaint and therefore denies the same.

8.     Pennington admits the allegations of Paragraph 8 of the Third Amended Complaint.

## Jurisdiction and Venue

9.     The allegations of Paragraph 9 of the Third Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Pennington denies the allegations of Paragraph 9 of the Third Amended Complaint.

10.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10 of the Third Amended Complaint and therefore denies the same.

11.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 of the Third Amended Complaint and therefore denies the same.

12.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 of the Third Amended Complaint and therefore denies the same.

13.     Pennington denies the allegations of Paragraph 13 of the Third Amended Complaint.

14.     Pennington denies the allegations of Paragraph 14 of the Third Amended Complaint.

15.     Pennington denies the allegations of Paragraph 15 of the Third Amended Complaint.

16.     The allegations of Paragraph 16 of the Third Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Pennington denies the allegations of Paragraph 16 of the Third Amended Complaint.

17.     The allegations of Paragraph 17 of the Third Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Pennington denies the allegations of Paragraph 17 of the Third Amended Complaint.

**Factual Background**

18.     Pennington admits the allegations of Paragraph 18 of the Third Amended Complaint.

19.     Answering the allegations of Paragraph 19 of the Third Amended Complaint, Pennington admits Movement implemented an underwriting review process but denies that it was "unique" or "pioneered" by Movement.

20.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 of the Third Amended Complaint and therefore denies the same.

21.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 of the Third Amended Complaint and therefore denies the same.

22.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 22 of the Third Amended Complaint and therefore denies the same.

**Defendants' Employment and Contractual Obligations**

23.     Pennington admits the allegations of Paragraph 23 of the Third Amended Complaint.

24.     Answering the allegations of Paragraph 24 of the Third Amended Complaint, Pennington admits that he was a long-time employee of Movement but denies that he was given any specific confidential or proprietary information because of his tenure or that was irregular for an employee in his position.

25.     Answering the allegations of Paragraph 25 of the Third Amended Complaint, Pennington admits only that Exhibit A to the Third Amended Complaint is a document labeled Loan Officer Compensation Agreement and is between Pennington and New American Mortgage LLC. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 25 of the Third Amended Complaint and therefore denies the same.

26.     Answering the allegations of Paragraph 26 of the Third Amended Complaint, Pennington refers to Exhibit A and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 26, Pennington denies that such restrictions are enforceable.

27.     Answering the allegations of Paragraph 27 of the Third Amended Complaint, Pennington admits only that Exhibit B to the Third Amended Complaint is a document labeled Loan Officer Compensation Agreement and is between Pennington and New American Mortgage LLC. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 27 of the Third Amended Complaint and therefore denies the same.

28.     Answering the allegations of Paragraph 28 of the Third Amended Complaint, Pennington refers to Exhibit B and denies the allegations to the extent inconsistent therewith.

Further answering the allegations of Paragraph 28, Pennington denies that such restrictions are enforceable.

29.     Answering the allegations of Paragraph 29 of the Third Amended Complaint, Pennington refers to Exhibits A and B and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 29, Pennington denies that such restrictions are enforceable.

30.     Answering the allegations of Paragraph 30 of the Third Amended Complaint, Pennington admits only that Exhibit C to the Third Amended Complaint is a document labeled Confidentiality and Non-Solicitation Agreement dated July 10, 2012, and is between Matt Schoolfield and New American Mortgage LLC. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 30 of the Third Amended Complaint and therefore denies the same.

31.     Answering the allegations of Paragraph 31 of the Third Amended Complaint, Pennington refers to Exhibit C and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 31, Pennington denies that such restrictions are enforceable.

32.     Answering the allegations of Paragraph 32 of the Third Amended Complaint, Pennington admits only that Exhibit D to the Third Amended Complaint is a document labeled Team Leader Employment Agreement dated September 13, 2013, and is between Matt Schoolfield and Movement. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 32 of the Third Amended Complaint and therefore denies the same.

5

33.     Answering the allegations of Paragraph 33 of the Third Amended Complaint, Pennington refers to Exhibit D and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 33, Pennington denies that such restrictions are enforceable.

34.     Answering the allegations of Paragraph 34 of the Third Amended Complaint, Pennington refers to Exhibit D and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 34, Pennington denies that such restrictions are enforceable.

35.     Answering the allegations of Paragraph 35 of the Third Amended Complaint, Pennington admits only that Exhibit E to the Third Amended Complaint is a document labeled Team Leader Employment Agreement dated March 8, 2018, and is between Matt Schoolfield and Movement. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 35 of the Third Amended Complaint and therefore denies the same.

36.     Answering the allegations of Paragraph 36 of the Third Amended Complaint, Pennington refers to Exhibit E and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 36, Pennington denies that such restrictions are enforceable.

37.     Answering the allegations of Paragraph 37 of the Third Amended Complaint, Pennington refers to Exhibit E and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 37, Pennington denies that such restrictions are enforceable.

38.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 38 of the Third Amended Complaint and therefore denies the same.

39.     Answering the allegations of Paragraph 39 of the Third Amended Complaint, Pennington admits only that Exhibit F to the Third Amended Complaint is a document labeled Confidentiality and Non-Solicitation Agreement dated January 7, 2012, and is between Chris Shelton and New American Mortgage, LLC. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 39 of the Third Amended Complaint and therefore denies the same.

40.     Answering the allegations of Paragraph 40 of the Third Amended Complaint, Pennington refers to Exhibit F and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 40, Pennington denies that such restrictions are enforceable.

41.     Answering the allegations of Paragraph 41 of the Third Amended Complaint, Pennington admits only that Exhibit G to the Third Amended Complaint is a document labeled Team Leader Employment Agreement dated September 4, 2013, and is between Chris Shelton and Movement. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 41 of the Third Amended Complaint and therefore denies the same.

42.     Answering the allegations of Paragraph 42 of the Third Amended Complaint, Pennington refers to Exhibit G and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 42, Pennington denies that such restrictions are enforceable.

43.     Answering the allegations of Paragraph 43 of the Third Amended Complaint, Pennington refers to Exhibit G and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 43, Pennington denies that such restrictions are enforceable.

44.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 44 of the Third Amended Complaint and therefore denies the same.

45.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 45 of the Third Amended Complaint and therefore denies the same.

46.     Answering the allegations of Paragraph 46 of the Third Amended Complaint, Pennington admits only that Exhibit H to the Third Amended Complaint is a document labeled Confidentiality and Non-Solicitation Agreement dated April 1, 2012, and is between Linda Plymale and New American Mortgage, LLC. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 46 of the Third Amended Complaint and therefore denies the same.

47.     Answering the allegations of Paragraph 47 of the Third Amended Complaint, Pennington refers to Exhibit H and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 47, Pennington denies that such restrictions are enforceable.

48.     Answering the allegations of Paragraph 48 of the Third Amended Complaint, Pennington admits only that Exhibit I to the Third Amended Complaint is a document labeled Licensed Loan Officer Assistant Employment Agreement dated November 8, 2013, and is between Linda Plymale and Movement. Pennington lacks sufficient knowledge or information to form a

belief as to the truth of the remaining allegations of Paragraph 48 of the Third Amended Complaint and therefore denies the same.

49.     Answering the allegations of Paragraph 49 of the Third Amended Complaint, Pennington refers to Exhibit I and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 49, Pennington denies that such restrictions are enforceable.

50.     Answering the allegations of Paragraph 50 of the Third Amended Complaint, Pennington admits only that Exhibit J to the Third Amended Complaint is a document labeled Confidentiality and Non-Solicitation Agreement dated October 15, 2011, and is between Heather Frye and New American Mortgage, LLC. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 50 of the Third Amended Complaint and therefore denies the same.

51.     Answering the allegations of Paragraph 51 of the Third Amended Complaint, Pennington refers to Exhibit J and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 51, Pennington denies that such restrictions are enforceable.

52.     Answering the allegations of Paragraph 52 of the Third Amended Complaint, Pennington admits only that Exhibit K to the Third Amended Complaint is a document labeled Team Leader Employment Agreement dated October 9, 2013, and is between Heather Frye and Movement. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 52 of the Third Amended Complaint and therefore denies the same.

53.     Answering the allegations of Paragraph 53 of the Third Amended Complaint, Pennington refers to Exhibit K and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 53, Pennington denies that such restrictions are enforceable.

54.     Answering the allegations of Paragraph 54 of the Third Amended Complaint, Pennington refers to Exhibit K and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 54, Pennington denies that such restrictions are enforceable.

55.     Answering the allegations of Paragraph 55 of the Third Amended Complaint, Pennington admits only that Exhibit L to the Third Amended Complaint is a document labeled Loan Officer Employment Agreement dated May 20, 2014, and is between Josh Covett and Movement. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 55 of the Third Amended Complaint and therefore denies the same.

56.     Answering the allegations of Paragraph 56 of the Third Amended Complaint, Pennington refers to Exhibit L and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 56, Pennington denies that such restrictions are enforceable.

57.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 57 of the Third Amended Complaint and therefore denies the same.

58.     Answering the allegations of Paragraph 58 of the Third Amended Complaint, Pennington admits only that Exhibit M to the Third Amended Complaint is a document labeled Team Leader Employment Agreement dated May 18, 2016, and is between Josh Covett and

Movement. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 58 of the Third Amended Complaint and therefore denies the same.

59. Answering the allegations of Paragraph 59 of the Third Amended Complaint, Pennington refers to Exhibit M and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 59, Pennington denies that such restrictions are enforceable.

60. Answering the allegations of Paragraph 60 of the Third Amended Complaint, Pennington refers to Exhibit M and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 60, Pennington denies that such restrictions are enforceable.

**Breach of Fiduciary Duty**

61. Answering the allegations of Paragraph 61 of the Third Amended Complaint, Pennington admits only that in March 2023, he and Summit began engaging in conversations regarding a potential employment with Summit.

62. Pennington admits the allegations of Paragraph 62 of the Third Amended Complaint.

63. Answering the allegations of Paragraph 63 of the Third Amended Complaint, Pennington admits only that he continued to work for Movement for a little less than 4 months (March 7, 2023 to July 1, 2023) after the execution of the Confidentiality Agreement that is attached as Exhibit G to the Amended Complaint.

64. Answering the allegations of Paragraph 64 of the Third Amended Complaint, Pennington admits only that he continued to receive some compensation from Movement from

March 7, 2023 to July 1, 2023. Pennington denies the remaining allegations of Paragraph 64 of the Third Amended Complaint.

65.     Pennington denies the allegations of Paragraph 65 of the Third Amended Complaint.

66.     Pennington denies the allegations of Paragraph 66 of the Third Amended Complaint.

67.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 67 of the Third Amended Complaint and therefore denies the same.

68.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 68 of the Third Amended Complaint and therefore denies the same.

69.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 69 of the Third Amended Complaint and therefore denies the same.

70.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 70 of the Third Amended Complaint and therefore denies the same.

71.     Pennington admits the allegations of Paragraph 71 of the Third Amended Complaint.

72.     Pennington denies the allegations of Paragraph 72 of the Third Amended Complaint.

73.     Pennington denies the allegations of Paragraph 73 of the Third Amended Complaint.

**Defendants' Data Theft and Concealment**

74.     Answering the allegations of Paragraph 74 of the Third Amended Complaint, Pennington admits that on July 10, 2023, counsel for Movement sent the correspondence that is

12

attached to the Amended Complaint as Exhibit O. Answering the remaining allegations of Paragraph 74 of the Third Amended Complaint, Pennington refers to the correspondence that is attached as Exhibit O.

75. Answering the allegations of Paragraph 75 of the Third Amended Complaint, Pennington admits only that on July 13, 2023, counsel for Summit sent the correspondence that is attached to the Amended Complaint as Exhibit P. Answering the remaining allegations of Paragraph 75 of the Third Amended Complaint, Pennington refers to that correspondence that is attached as Exhibit P.

76. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 76 of the Third Amended Complaint and therefore denies the same.

77. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 77 of the Third Amended Complaint and therefore denies the same.

78. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 78 of the Third Amended Complaint and therefore denies the same.

79. Answering the allegations of Paragraph 79 of the Third Amended Complaint, Pennington admits only that Movement used a system called DOMO but denies the remaining allegations of Paragraph 79.

80. Answering the allegations of Paragraph 80 of the Third Amended Complaint, Pennington denies the allegations that he was breeding dissent among Movement's loan officers but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 80 of the Third Amended Complaint and therefore denies the same.

81. Answering the allegations of Paragraph 81 of the Third Amended Complaint, Pennington denies such allegations to the extent they allege that Pennington used any information

13

from Movement to target its loan officers or identify and match characteristics that would uniquely fit Summit's business now and in the future. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 81 of the Third Amended Complaint and therefore denies the same.

82.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 82 of the Third Amended Complaint and therefore denies the same.

83.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 83 of the Third Amended Complaint and therefore denies the same.

84.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 84 of the Third Amended Complaint and therefore denies the same.

85.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 85 of the Third Amended Complaint and therefore denies the same.

86.     Answering the allegations of Paragraph 86 of the Third Amended Complaint, Pennington denies such allegations to the extent they allege that Pennington copied any information or used any information from Movement.  Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 86 of the Third Amended Complaint and therefore denies the same.

87.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 87 of the Third Amended Complaint and therefore denies the same.

88.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 88 of the Third Amended Complaint and therefore denies the same.

89.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 89 of the Third Amended Complaint and therefore denies the same.

90.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 90 of the Third Amended Complaint and therefore denies the same.

91.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 91 of the Third Amended Complaint and therefore denies the same.

92.     Pennington denies the allegations of Paragraph 92 of the Third Amended Complaint.

93.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 93 of the Third Amended Complaint as stated and therefore denies the same.

94.     Pennington denies the allegations of Paragraph 94 of the Third Amended Complaint.

95.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 95 of the Third Amended Complaint and therefore denies the same.

96.     Pennington denies the allegations of Paragraph 96 of the Third Amended Complaint.

97.     Pennington denies the second sentence of Paragraph 97 of the Third Amended Complaint. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 97 of the Third Amended Complaint and therefore denies the same.

98.     Pennington denies the allegations of Paragraph 98 of the Third Amended Complaint.

99.     Pennington denies the allegations of Paragraph 99 of the Third Amended Complaint.

**Defendants' Successful and Improper Solicitations of Movement Staff**

100.     Answering the allegations of Paragraph 100 of the Third Amended Complaint, Pennington denies such allegations to the extent they allege he engaged in any wrongdoing or used any information from Movement. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 100 of the Third Amended Complaint and therefore denies the same.

101.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 101 of the Third Amended Complaint and therefore denies the same.

102.     Answering the allegations of Paragraph 102 of the Third Amended Complaint, Pennington admits only that he did solicit certain Movement employees as stated in his Answers to Interrogatories.  Pennington lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 102 of the Third Amended Complaint and therefore denies the same.

103.     Pennington denies the allegations of Paragraph 103 of the Third Amended Complaint.

104.     Pennington denies the allegations of Paragraph 104 of the Third Amended Complaint.

105.     Pennington denies the allegations of Paragraph 105 of the Third Amended Complaint.

106.     Pennington denies the allegations of Paragraph 106 of the Third Amended Complaint.

107.     Pennington denies the allegations of Paragraph 107 of the Third Amended Complaint.

108.     Pennington denies the allegations of Paragraph 108 of the Third Amended Complaint.

109.     Answering the allegations of Paragraph 109 of the Third Amended Complaint, Pennington admits that Peyton, Cook, and Mueller accepted Summit's offers of employment, and left Movement and joined Summit.  Pennington also admits upon information and belief that Summit had some discussions with Peyton, Cook, and Mueller prior to Frye's resignation. Pennington denies the remaining allegations of Paragraph 109 of the Third Amended Complaint.

110.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 110 of the Third Amended Complaint and therefore denies the same.

111.     Pennington denies the allegations of Paragraph 111 of the Third Amended Complaint.

112.     Pennington denies the allegations of Paragraph 112 of the Third Amended Complaint.

113.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 113 of the Third Amended Complaint and therefore denies the same.

114.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 114 of the Third Amended Complaint and therefore denies the same.

115. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 115 of the Third Amended Complaint and therefore denies the same.

116. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 116 of the Third Amended Complaint and therefore denies the same.

117. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 117 of the Third Amended Complaint and therefore denies the same.

118. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 118 of the Third Amended Complaint and therefore denies the same.

119. Pennington denies the allegations of Paragraph 119 of the Third Amended Complaint.

120. Pennington denies the allegations of Paragraph 120 of the Third Amended Complaint.

121. Pennington denies the allegations of Paragraph 121 of the Third Amended Complaint.

122. Answering the allegations of Paragraph 122 of the Third Amended Complaint, Pennington admits to the existence of Exhibit R but denies the conclusions drawn by Movement as to the meaning of Exhibit R.

**Summit's Solicitation and Misrepresentations To Movement Customers**

123.     Pennington denies the allegations of Paragraph 123 of the Third Amended Complaint.

124.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 124 of the Third Amended Complaint and therefore denies the same.

125.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 125 of the Third Amended Complaint and therefore denies the same.

126.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 126 of the Third Amended Complaint and therefore denies the same.

127.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 127 of the Third Amended Complaint and therefore denies the same.

128.     Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 128 of the Third Amended Complaint and therefore denies the same.

129.     Answering the allegations of Paragraph 129 of the Third Amended Complaint, Pennington admits only that Exhibit S contains an email chain involving Tyler Henry that was forwarded to John Felix.  Pennington refers to that email chain and denies the allegations of Paragraph 129 of the Third Amended Complaint to the extent inconsistent therewith.

19

130.     Pennington denies the allegations of Paragraph 130 of the Third Amended Complaint.

131.     Answering the allegations of Paragraph 131 of the Third Amended Complaint, Pennington admits only that Exhibit T contains an email chain involving Bogdan Toderut, David Vese, and John Felix, and that Vese and Toderut were employees of Movement in Georgia who came to work at Summit, with Vese coming to work for Summit in October as branch manager. Pennington denies the remaining allegations of Paragraph 131 of the Third Amended Complaint.

132.     Pennington denies the allegations of Paragraph 132 of the Third Amended Complaint.

133.     Pennington denies the allegations of Paragraph 133 of the Third Amended Complaint.

## COUNT I
## Breach of Contract Against Defendant Pennington, Shelton, Schoolfield, Covett, Plymale, and Frye

134.     Answering the allegations of Paragraph 134 of the Third Amended Complaint, Pennington repeats and reiterates the previous paragraphs as if set forth fully herein.

135.     Answering the allegations of Paragraph 135 of the Third Amended Complaint, Pennington refers to each agreement and denies the allegations to the extent inconsistent therewith.

136.     Answering the allegations of Paragraph 136 of the Third Amended Complaint, Pennington refers to each agreement and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 136, Pennington denies that such restrictions are enforceable.

137.     Answering the allegations of Paragraph 137 of the Third Amended Complaint, Pennington refers to each agreement and denies the allegations to the extent inconsistent therewith.

20

Further answering the allegations of Paragraph 137, Pennington denies that such restrictions are enforceable.

138.    Answering the allegations of Paragraph 138 of the Third Amended Complaint, Pennington refers to each agreement and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 138, Pennington denies that such restrictions are enforceable.

139.    Pennington denies the allegations of Paragraph 139 of the Third Amended Complaint.

140.    Pennington denies the allegations of Paragraph 140 of the Third Amended Complaint.

141.    Pennington denies the allegations of Paragraph 141 of the Third Amended Complaint.

142.    Pennington denies the allegations of Paragraph 142 of the Third Amended Complaint.

143.    Answering the allegations of Paragraph 143 of the Third Amended Complaint, Pennington refers to each agreement and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 143, Pennington denies that Movement is entitled to such relief.

144.    Answering the allegations of Paragraph 144 of the Third Amended Complaint, Pennington refers to each agreement and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 144, Pennington denies that Movement is entitled to such relief.

145.    Answering the allegations of Paragraph 145 of the Third Amended Complaint, Pennington refers to each agreement and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 145, Pennington denies that Movement is entitled to such relief.

### COUNT II
### Breach of Fiduciary Duty Against Defendants Pennington, Shelton, Plymale, and Schoolfield

146.    Answering the allegations of Paragraph 146 of the Third Amended Complaint, Pennington repeats and reiterates the previous paragraphs as if set forth fully herein.

147.    Pennington denies the allegations of Paragraph 147 of the Third Amended Complaint.

148.    Pennington denies the allegations of Paragraph 148 of the Third Amended Complaint.

149.    Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 149 of the Third Amended Complaint and therefore denies the same.

150.    Pennington denies the allegations of Paragraph 150 of the Third Amended Complaint.

151.    Pennington denies the allegations of Paragraph 151 of the Third Amended Complaint.

152.    Pennington denies the allegations of Paragraph 152 of the Third Amended Complaint.

153.    Pennington denies the allegations of Paragraph 153 of the Third Amended Complaint.

154. Answering the allegations of Paragraph 154 of the Third Amended Complaint, Pennington refers to each agreement and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 154, Pennington denies that Movement is entitled to such relief.

## COUNT III
## Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act 18 U.S.C.A. § 1836 Against Defendants Shelton, Plymale, Pennington, and Summit

155. Answering the allegations of Paragraph 155 of the Third Amended Complaint, Pennington repeats and reiterates the previous paragraphs as if set forth fully herein.

156. The allegations of Paragraph 156 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent such a response is necessary, Pennington refers to the applicable statute and denies the allegations of Paragraph 156 to the extent inconsistent therewith.

157. Pennington denies the allegations of Paragraph 157 of the Third Amended Complaint.

158. Pennington denies the allegations of Paragraph 158 of the Third Amended Complaint.

159. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 159 of the Third Amended Complaint and therefore denies the same.

160. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 160 of the Third Amended Complaint and therefore denies the same.

161. Pennington denies the allegations of Paragraph 161 of the Third Amended Complaint.

162. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 162 of the Third Amended Complaint and therefore denies the same.

163. Pennington denies the allegations of Paragraph 163 of the Third Amended Complaint.

164. Pennington denies the allegations of Paragraph 164 of the Third Amended Complaint.

165. Pennington denies the allegations of Paragraph 165 of the Third Amended Complaint.

166. Pennington denies the allegations of Paragraph 166 of the Third Amended Complaint.

167. Pennington denies the allegations of Paragraph 167 of the Third Amended Complaint.

168. Pennington denies the allegations of Paragraph 168 of the Third Amended Complaint.

**COUNT V**
**Tortious Interference with Contractual Relations**
**Against Defendants Summit and Pennington**

169. Answering the allegations of Paragraph 169 of the Third Amended Complaint, Pennington repeats and reiterates the previous paragraphs as if set forth fully herein.

170. The allegations of Paragraph 170 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent such a response is necessary, Pennington refers

to the applicable statute and denies the allegations of Paragraph 170 to the extent inconsistent therewith.

171. The allegations of Paragraph 171 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent such a response is necessary, Pennington refers to the applicable statute and denies the allegations of Paragraph 171 to the extent inconsistent therewith.

172. The allegations of Paragraph 172 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent such a response is necessary, Pennington refers to the applicable statute and denies the allegations of Paragraph 172 to the extent inconsistent therewith.

173. Pennington denies the allegations of Paragraph 173 of the Third Amended Complaint.

174. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 174 of the Third Amended Complaint and therefore denies the same.

175. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 175 of the Third Amended Complaint and therefore denies the same.

176. Pennington denies the allegations of Paragraph 176 of the Third Amended Complaint.

177. Pennington denies the allegations of Paragraph 177 of the Third Amended Complaint.

178. Pennington lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 178 of the Third Amended Complaint and therefore denies the same.

179. Pennington denies the allegations of Paragraph 179 of the Third Amended Complaint.

180. Pennington denies the allegations of Paragraph 180 of the Third Amended Complaint.

181. Pennington denies the allegations of Paragraph 181 of the Third Amended Complaint.

182. Pennington denies the allegations of Paragraph 182 of the Third Amended Complaint.

183. Pennington denies the allegations of Paragraph 183 of the Third Amended Complaint.

184. Pennington denies the allegations of Paragraph 184 of the Third Amended Complaint.

## COUNT V
## Tortious Interference with Contractual Relations Against
## Defendants Summit and Pennington

185. Answering the allegations of Paragraph 185 of the Third Amended Complaint, Pennington repeats and reiterates the previous paragraphs as if set forth fully herein.

186. Answering the allegations of Paragraph 186 of the Third Amended Complaint, Pennington refers to each agreement and denies the allegations to the extent inconsistent therewith. Further answering the allegations of Paragraph 186, Pennington denies that such restrictions are enforceable.

26

187.    Pennington denies the allegations of Paragraph 187 of the Third Amended Complaint.

188.    Pennington denies the allegations of Paragraph 188 of the Third Amended Complaint.

189.    Pennington denies the allegations of Paragraph 189 of the Third Amended Complaint.

190.    Pennington denies the allegations of Paragraph 190 of the Third Amended Complaint.

191.    Pennington denies the allegations of Paragraph 191 of the Third Amended Complaint.

192.    Pennington denies the allegations of Paragraph 192 of the Third Amended Complaint.

193.    Pennington denies the allegations of Paragraph 193 of the Third Amended Complaint.

194.    Pennington denies the allegations of Paragraph 194 of the Third Amended Complaint.

**COUNT VI**
**Civil Conspiracy Against All Defendants**

195.    Answering the allegations of Paragraph 195 of the Third Amended Complaint, Pennington repeats and reiterates the previous paragraphs as if set forth fully herein.

196.    Pennington denies the allegations of Paragraph 196 of the Third Amended Complaint.

197.    Pennington denies the allegations of Paragraph 197 of the Third Amended Complaint.

27

198.     Pennington denies the allegations of Paragraph 198 of the Third Amended Complaint.

199.     Pennington denies the allegations of Paragraph 199 of the Third Amended Complaint.

**COUNT VII**
**Violation of the North Carolina Unfair and Deceptive Trade Practices**
**Act Against All Defendants**

200.     Answering the allegations of Paragraph 200 of the Third Amended Complaint, Pennington repeats and reiterates the previous paragraphs as if set forth fully herein.

201.     The allegations of Paragraph 201 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent such a response is necessary, Pennington refers to the applicable statute and denies the allegations of Paragraph 201 to the extent inconsistent therewith.

202.     The allegations of Paragraph 202 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent such a response is necessary, Pennington refers to the applicable statute and denies the allegations of Paragraph 202 to the extent inconsistent therewith.

203.     The allegations of Paragraph 203 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent such a response is necessary, Pennington refers to the applicable statute and denies the allegations of Paragraph 203 to the extent inconsistent therewith.

204.     Pennington denies the allegations of Paragraph 204 of the Third Amended Complaint.

28

205.     Pennington denies the allegations of Paragraph 205 of the Third Amended Complaint.

206.     Pennington denies the allegations of Paragraph 206 of the Third Amended Complaint.

207.     Pennington denies the allegations of Paragraph 207 of the Third Amended Complaint.

208.     Pennington denies the allegations of Paragraph 208 of the Third Amended Complaint.

209.     Pennington denies the allegations of Paragraph 209 of the Third Amended Complaint.

**COUNT VIII**
**Tortious Interference with Advantageous Business Relationships and Prospective Economic Advantage Against Defendant Summit**

210.     Answering the allegations of Paragraph 210 of the Third Amended Complaint, Pennington repeats and reiterates the previous paragraphs as if set forth fully herein.

211.     The allegations of Paragraph 211 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 211 of the Third Amended Complaint.

212.     The allegations of Paragraph 212 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 212 of the Third Amended Complaint.

213.     The allegations of Paragraph 213 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 213 of the Third Amended Complaint.

214.     The allegations of Paragraph 214 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 214 of the Third Amended Complaint.

215.     The allegations of Paragraph 215 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 215 of the Third Amended Complaint.

216.     The allegations of Paragraph 216 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 216 of the Third Amended Complaint.

217.     The allegations of Paragraph 217 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 217 of the Third Amended Complaint.

**COUNT IX**
**Violation of the Lanham Act, 15 U.S.C. 1125(a) Against Defendant Summit**

218.     Answering the allegations of Paragraph 218 of the Third Amended Complaint, Pennington repeats and reiterates the previous paragraphs as if set forth fully herein.

219.     The allegations of Paragraph 219 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 219 of the Third Amended Complaint.

220.     The allegations of Paragraph 220 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 220 of the Third Amended Complaint.

221. The allegations of Paragraph 221 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 221 of the Third Amended Complaint.

222. The allegations of Paragraph 222 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 222 of the Third Amended Complaint.

223. The allegations of Paragraph 223 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 223 of the Third Amended Complaint.

224. The allegations of Paragraph 224 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 224 of the Third Amended Complaint.

225. The allegations of Paragraph 225 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 225 of the Third Amended Complaint.

226. The allegations of Paragraph 226 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 226 of the Third Amended Complaint.

227. The allegations of Paragraph 227 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 227 of the Third Amended Complaint.

228.     The allegations of Paragraph 228 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 228 of the Third Amended Complaint.

229.     The allegations of Paragraph 229 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 229 of the Third Amended Complaint.

230.     The allegations of Paragraph 230 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 230 of the Third Amended Complaint.

231.     The allegations of Paragraph 231 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 231 of the Third Amended Complaint.

232.     The allegations of Paragraph 232 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 232 of the Third Amended Complaint.

233.     The allegations of Paragraph 233 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 233 of the Third Amended Complaint.

234.     The allegations of Paragraph 234 of the Third Amended Complaint are not directed at Pennington and as such, no response is required. To the extent a response is required, Pennington denies the allegations of Paragraph 234 of the Third Amended Complaint.

235.     Pennington denies that Movement is entitled to the relief it requests in the Third Amended Complaint.

## **FOR A SECOND DEFENSE**

236.    The Amended Complaint fails to state a claim upon which relief can be granted.

## **FOR A THIRD DEFENSE**

237.    This Court lacks personal jurisdiction over Pennington.

## **FOR A FOURTH DEFENSE**

238.    Movement's claims are barred under the doctrines of waiver, estoppel, unclean hands, and other such defenses available in equity.

## **FOR A FIFTH DEFENSE**

239.    Movement's claim for tortious interference with a contract fails because the restrictions are unenforceable as a matter of law.

## **FOR A SIXTH DEFENSE**

240.    Movement's claim for punitive damages violates the United States Constitution and should be dismissed.

## **FOR A SEVENTH DEFENSE**
## **AND BY WAY OF COUNTERCLAIMS**

241.    Pennington is a resident of Lake Wylie, South Carolina.

242.    Movement is a Delaware limited liability company with a principal place of business in Lancaster County, South Carolina.

243.    This Court has personal jurisdiction over Movement over this Counterclaim.

244.    This Court may have subject matter jurisdiction over the Counterclaims hereto to the extent the Counterclaims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

33

245.     Pennington was employed by Movement from 2008 until July of 2023.  He was one of the company's earliest employees.  In 2019, he was in charge of Movement's east coast sales operations.   Movement had offered an annual compensation plan for 2019 that included commissions to Pennington equal to 4% of the net profits made by Movement in the areas he managed.  Pennington accepted the plan and performed his job for Movement.

246.     In 2020, Movement sought to make Pennington Co-National Sales Director. Movement proposed an annual compensation Plan to Pennington for 2020 of a $250,000 salary and commissions equal to 2% of net profits for all sales.  This represented a smaller percentage than in 2019, but it covered Movement's entire geographic range and not just the east coast. Pennington accepted the offer and began working to help Movement generate revenues in 2020. There was no cap on his earning potential for either 2019 or 2020.

247.     Pennington was paid commissions by Movement based on annual profits in the calendar year, although it was paid on a monthly basis two months in arrears.  For example, payment based on company performance through March 2020 was due Pennington on May 1, 2020.

248.     If Movement experienced a loss in a particular month, Pennington would not receive a commission.  Movement then carried those losses forward into the subsequent months until profits in those subsequent months eclipsed the losses that had carried forward. Due to the nature of the business and when people take out loans, typically, the first few months of the calendar year are losses and the profits are made starting thereafter.  Pennington's compensation was determined at the end of the calendar year with any final payment being due in February of the subsequent year because he was paid two months in arrears.  The calculation would start over each calendar year.

249. Late in the 2020 plan year, after Pennington had worked diligently to generate profits and profit potential for Movement, Casey Crawford, Movement's CEO, orally told Pennington that his 2020 compensation would be capped, notwithstanding the parties' agreement, because Pennington was "on track to make over $7 million and that is too much money." Pennington was not notified in writing in advance of any changes. Upon information and belief, Mr. Crawford understood that forecasted profits for the balance of 2020 were going to be well in excess of $150,000,000 and he did not want to pay the promised amount to Pennington.

250. Pennington fully performed his duties as Movement's Co-National Director of Sales for 2020. Rather than receive the total plan compensation for 2020, Movement underpaid Pennington by a total of at least $3,267,544.86, with the first failure of payment occurring on or about November 1, 2020.

251. Beginning in January 2021, Movement offered Pennington a new position, Executive Vice President of Recruiting, along with a fixed salary of $1,000,000.00 for a three-year term. Pennington accepted this position.

252. Again, in January 2023, Mike Brennan – Movement's X – unilaterally reduced Pennington's compensation by $964,432.00. Pennington was not notified in advance of any changes to his compensation. Pennington discovered the unilateral change when he viewed his payment structure in his employee benefits portal.

253. Thereafter, Mike Brennan admitted to Pennington that he unilaterally changed his salary despite the agreed upon three-year term.

## FOR A SEVENTH DEFENSE
## AND BY WAY OF A FIRST COUNTERCLAIM

254. Pennington incorporates by reference the preceding allegations.

255.    Movement offered Pennington commissions equal to 2% of Movement's 2020 net profits in exchange for him being Movement's Co-National Director of Sales for 2020. Pennington accepted this offer.

256.    Movement also promised Pennington a salary of $1,000,000.00 beginning in January 2021 that would be effective for three years.

257.    A valid and binding contract existed between Pennington and Movement whereby Pennington would work for Movement as Co-National Director of Sales for 2020 in exchange for Movement paying Pennington commissions in the amount of 2% of Movement's 2020 net profits.

258.    A valid and binding contracted also existed between Pennington and Movement whereby Pennington would perform work for Movement in exchange for his salary.

259.    Pennington fully performed his duties as Movement's Co-National Director of Sales for the entirety of 2020, generating in excess of $390,000,000 in net profit for Movement.

260.    Pennington fully performed his duties for the entirety of 2021 through July 2023.

261.    Movement breached the contract by failing and refusing to pay Pennington the compensation he was due.

262.    Pennington is entitled to recover from Movement the full amount of unpaid wages, which are believed to be $4,231,976.86.  He is also entitled to liquidated damages.

**FOR A SEVENTH DEFENSE**
**AND BY WAY OF SECOND COUNTERCLAIM**
**(Violation of the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10, et seq.)**

263.    Pennington incorporates by reference the preceding allegations.

264.    Movement is an employer within the meaning of the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10, et seq. (the "SCPWA").

265. The commissions of 2% of 2020 net profit promised and contractually owed to Pennington constitutes wages within the meaning of the SCPWA.

266. Pennington's salary of $1,000,000.00 promised and contractually owed to Pennington constitutes wages within the meaning of the SCPWA.

267. Movement has breached the SCPWA by not making wage payments to Pennington when they became due, and also by failing to provide written notice of a purported change in wages at least seven calendar days before they became effective.

268. Pennington is entitled to recover from Movement three times the full amount of unpaid wages, or $12,695,840.58. In addition, he is entitled to costs and reasonable attorneys' fees.

269. Pennington demands a jury trial as to his counterclaims.

## PRAYER FOR RELIEF:

Wherefore, Pennington requests that the Court:

1. Dismiss Movement's Amended Complaint with prejudice;

2. Enter judgment in his favor and against Movement for $4,231,976.86 on Pennington's First Counterclaim, plus prejudgment and post-judgment interest;

3. Enter judgment in his favor and against Movement for $12,695,840.58 on Pennington's Second Counterclaim, plus prejudgment and post-judgment interest;

4. Award him his reasonable attorneys' fees;

5. Tax the costs of this action against Movement;

6. Provide for trial by jury on all issues so triable; and

7. Award such other and further relief as is just and proper.

37

Respectfully submitted,

*s/ Denny P. Major*

Denny P. Major (*admitted pro hac vice*)
HAYNSWORTH SINKLER BOYD, P.A.
Post Office Box 11889
Columbia, South Carolina 29211
(803) 779.3080 - telephone
dmajor@hsblawfirm.com

Christopher B. Major, Fed. ID No. 31663
HAYNSWORTH SINKLER BOYD, P.A.
ONE North Main, 2nd Floor (29601)
P.O. Box 2048
Greenville, SC  29602
(864) 240-320
(864) 240-3300
cmajor@hsblawfirm.com

***Attorneys For Defendants Summit Funding, Inc. And Deran Pennington***

May 8, 2024

38

**CERTIFICATE OF SERVICE**

I certify that this day I have served a copy of *Defendant Deran Pennington's Amended Answer To Plaintiff's Third Amended Complaint And Amended Counterclaim* with the Court using the CM/ECF system which will automatically send e-mail notification of such filings to the attorneys of record.

Respectfully submitted this 8th day of May, 2024.

/s/ *Denny P. Major*