# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

MOVEMENT MORTGAGE, LLC

    Plaintiff,

v.

DERAN PENNINGTON, *et al.*

    Defendants.

Civil Action No. 3:23-cv-00633

## DEFENDANT MATT SCHOOLFIELD'S RESPONSES TO PLAINTIFF MOVEMENT MORTGAGE, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES

Defendant Matt Schoolfield ("**Schoolfield**") by and through his undersigned counsel, responds to Plaintiff Movement Mortgage, LLC's ("**Plaintiff**") First Set of Requests for Production of Documents and First Set of Interrogatories (**"Plaintiff's Discovery Requests"**) as follows:

### GENERAL OBJECTIONS

1.    Schoolfield objects that Plaintiff's Discovery Requests are wholly improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents

that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with its Discovery Requests bears on that issue.

2. Schoolfield objects to Plaintiff's "Instructions and Definitions" to the full extent they attempt to impose upon Schoolfield any obligation greater or different than Schoolfield's obligations under applicable law and rules. Schoolfield responds to Plaintiff's Discovery Requests in accordance with applicable law and rules and without regard to Plaintiff's instructions.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. All documents relating to your resignation from Movement, including any emails, text messages, and/or other communications.

**RESPONSE:** Schoolfield objects that this Request is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Request bears on that issue. Schoolfield further objects to this Request to the extent it seeks the disclosure of any information or document protected from disclosure by any applicable privilege or doctrine, including specifically, but not limited to, the attorney client privilege, attorney work product doctrine, and common interest privilege.

2. All documents relating to you joining the employment of Summit, including any emails, text messages, WhatsApp messages, social media messages and/or other communications.

**RESPONSE:** Schoolfield objects that this Request is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of

2

temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Request bears on that issue. Schoolfield further objects to this Request to the extent it seeks the disclosure of any information or document protected from disclosure by any applicable privilege or doctrine, including specifically, but not limited to, the attorney client privilege, attorney work product doctrine, and common interest privilege.

3. All communications between from March 2023 to the present between you and any of the following persons, collectively or individually: (i) Deron Pennington; (ii) Bart Evans; (iii) Chris Shelton; (iv) Chris McCabe; and/or (v) Todd Scrima.

**RESPONSE:** Schoolfield objects that this Request is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Request bears on that issue. Schoolfield further objects to this Request to the extent it seeks the disclosure of any information or document protected from disclosure by any applicable privilege or doctrine, including specifically, but not limited to, the attorney client privilege, attorney work product doctrine, and common interest privilege.

4. All communications between July 2023 and the present with any Movement Employee.

**RESPONSE:** Schoolfield objects that this Request is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Request bears on that issue. Schoolfield further objects to this Request to the extent it seeks the disclosure of any information or document protected from disclosure by any applicable privilege or doctrine, including specifically, but not limited to, the attorney client privilege, attorney work product doctrine, and common interest privilege.

5. All documents and communications regarding your post-employment obligations to Movement.

**RESPONSE:** Schoolfield objects that this Request is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Request bears on that issue. Schoolfield further objects to this Request to the extent it seeks the disclosure of any information or document protected from disclosure by any applicable privilege or doctrine, including specifically, but not limited to, the attorney client privilege, attorney work product doctrine, and common interest privilege.

6. All communications between you and any Movement employee concerning the termination of their employment with Movement and/or the possibility of employment with Summit or opportunities that may exist with Summit.

**RESPONSE:** Schoolfield objects that this Request is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Request bears on that issue. Schoolfield further objects to this Request to the extent it seeks the disclosure of any information or document protected from disclosure by any applicable privilege or doctrine, including specifically, but not limited to, the attorney client privilege, attorney work product doctrine, and common interest privilege.

7. All emails, text messages, and/or other communications between You and any person related in any way to the claims, allegations and/or defenses in this matter.

**RESPONSE:** Schoolfield objects that this Request is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Request bears on that issue. Schoolfield further objects to this Request to the extent it seeks the disclosure of any information or document protected from disclosure by any applicable privilege or doctrine, including

specifically, but not limited to, the attorney client privilege, attorney work product doctrine, and common interest privilege.

8. All communications between you and the Individual Defendants from March 2023 to present.

**RESPONSE:** Schoolfield objects that this Request is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Request bears on that issue. Schoolfield further objects to this Request to the extent it seeks the disclosure of any information or document protected from disclosure by any applicable privilege or doctrine, including specifically, but not limited to, the attorney client privilege, attorney work product doctrine, and common interest privilege.

## INTERROGATORIES

1. Describe all agreements, including employment agreements and confidentiality agreements, that you entered into with Summit, including in your answer the date that you entered into each such agreement.

**RESPONSE:** Schoolfield objects that this Interrogatory is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper

scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Interrogatory bears on that issue.

2. Identify each Movement Employee that you contacted and/or communicated with regarding potential employment with Summit, including the date and method of such communication(s)

**RESPONSE:** Schoolfield objects that this Interrogatory is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Interrogatory bears on that issue.

3. Identify each Movement Employee that you contacted after your separation from Movement and include in your answer the date and method of such communication(s).

**RESPONSE:** Schoolfield objects that this Interrogatory is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Interrogatory bears on that issue.

4. Describe all communications you had with Defendants regarding the identification of any Movement Employees as a potential candidate for employment with Summit, including in your answer the relevant names, date and method of such communication(s).

**RESPONSE:** Schoolfield objects that this Interrogatory is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Interrogatory bears on that issue.

5. Identify all Movement documents that you brought from Movement to Summit, including any documents relating to Movement's customers, employees, strategies, and processes.

**RESPONSE:** Schoolfield objects that this Interrogatory is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Interrogatory bears on that issue.

6. Describe all communications that you had with Pennington and/or Shelton concerning employment with Summit and/or the recruitment Movement employees.

**RESPONSE:** Schoolfield objects that this Interrogatory is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Interrogatory bears on that issue.

7. Identify each and every person whom you believe has knowledge of any facts relating to this matter and state the subject matter of the information possessed by each such person.

**RESPONSE:** Schoolfield objects that this Interrogatory is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Interrogatory bears on that issue.

8. Describe all instructions that Summit provided to you pertaining to your resignation from or employment with Movement, including the transition and/or recruitment of Movement employees.

**RESPONSE:** Schoolfield objects that this Interrogatory is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Interrogatory bears on that issue.

9. Describe each and every meeting with any Individual Defendant and/or Summit concerning the hiring, solicitation, evaluation, or identification of any Movement Employee as a potential recruit for Summit.

**RESPONSE:** Schoolfield objects that this Interrogatory is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary

injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Interrogatory bears on that issue.

**RESPONSE:** Schoolfield objects that this Interrogatory is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Interrogatory bears on that issue.

10. Describe every meeting and communication with Bart Evans and/or Chris McCabe since July 1, 2023 and the manner of communication and topics thereof.

**RESPONSE:** Schoolfield objects that this Interrogatory is improper because, as Plaintiff acknowledges in its Verified Second Amended Complaint, with the narrow exception of temporary injunctive relief, Plaintiff's claims against Schoolfield are subject to mandatory arbitration. The Court has already entered temporary injunctive relief against Schoolfield. Therefore, the proper scope of discovery is limited to information and documents that bear on the propriety of that injunctive relief. Nothing Plaintiff seeks with this Interrogatory bears on that issue.

**[Signature Appears on Following Page]**

This the 12th day of December, 2023.

                                              **GARDNER SKELTON PLLC**

                                              */s/ Jared E. Gardner*
                                              Bruce J. Kennedy II (N.C. State Bar No. 55158)
                                              Jared E. Gardner (N.C. State Bar No. 28275)
                                              505 East Boulevard
                                              Charlotte, North Carolina 28203
                                              Telephone: (704) 335-0350
                                              Facsimile: (704) 390-7027
                                              bkennedy@gardnerskelton.com
                                              jared@gardnerskelton.com
                                              *Attorney for Chris Shelton, Matt Schoolfield, Linda Plymale, Heather Frye and Josh Covett*

## CERTIFICATE OF SERVICE

I certify that the foregoing **DEFENDANT MATT SCHOOLFIELD'S RESPONSES TO PLAINTIFF MOVEMENT MORTGAGE LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES** has on this date been served upon counsel via email, as consented to by all parties, as follows:

G. Bryan Adams, III
C. Grainger Pierce, Jr.
VAN HOY, REUTLINGER, ADAMS & PIERCE, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
bryan.adams@vraplaw.com
grainger.pierce@vraplaw.com
*Counsel for Plaintiff*

Alexander Rogosa
Ari Karen
V. Amanda Witts
Mitchell Sandler LLC
1120 20th Street, NW, Suite 725
Washington, DC 20036
arogosa@mitchellsandler.com
akaren@mitchellsandler.com
v.awitts@mitchellsandler.com
*Counsel for Plaintiff- Admitted Pro Hac Vice*

Denny P. Major
Christopher B. Major
Haynsworth Sinkler Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602
dmajor@hsblawfirm.com
cmajor@hsblawfirm.com
*Counsel for Defendants Summit Funding, Inc. and Deran Pennington*

**[Signature Appears on Following Page]**

This the 12th day of December, 2023.

**GARDNER SKELTON PLLC**

*/s/ Jared E. Gardner*
Bruce J. Kennedy II (N.C. State Bar No. 55158)
Jared E. Gardner (N.C. State Bar No. 28275)
505 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 335-0350
Facsimile: (704) 390-7027
bkennedy@gardnerskelton.com
jared@gardnerskelton.com
*Attorney for Chris Shelton, Matt Schoolfield, Linda Plymale, Heather Frye and Josh Covett*