IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MOVEMENT MORTGAGE, LLC<br><br>                Plaintiff,<br><br>  v.<br><br>DERAN PENNINGTON, CHRIS SHELTON,<br>MATT SCHOOLFIELD, LINDA PLYMALE,<br>HEATHER FRYE, JOSH COVETT and<br>SUMMIT FUNDING, INC.,<br>                Defendants. | Civil Action No. 3:23-cv-00633 |

**MOVEMENT MORTGAGE'S REPLY
IN SUPPORT OF ITS MOTION TO COMPEL**

Plaintiff Movement Mortgage, LLC ("Movement" or "Plaintiff"), by and through its undersigned counsel, hereby submits this reply in support of its Motion to Compel and in support states as follows:

Defendants Matt Schoolfield ("Schoolfield"), Heather Frye ("Frye"), Josh Covett ("Covett"), and Chris Shelton ("Shelton) (collectively referred to as "Defendants") oppose Movement's Motion to Compel by arguing that Movement has no right to seek this discovery because its requests are not relevant to the Stipulated Order for Preliminary Injunction (the "Injunction") entered by the Court and therefore may only be requested in arbitration. This argument willfully ignores two critical facts. First, the Injunction irrefutably relates to Defendants' violation of restrictive covenants both during and after their employment with Movement, misappropriation of trade secrets, actions constituting unfair competition, solicitation of Movement employees, and the unlawful retention and sharing of Movement's confidential and/or proprietary information and documents. (Doc. 23 at 1–5). These are the exact same issues to which

Movement's propounded discovery requests are directed. While complaining generally that these requests are not relevant to the Injunction, Defendants fail to otherwise meet their burden of establishing why their objections are valid. *Desrosiers v. MAG Indus. Automation Sys., LLC*, 675 F. Supp. 2d 598, 601 (D. Md. 2009); *Marfork Coal Co. v. Smith*, 274 F.R.D. 193, 204 (S.D. W. Va. 2011).

Second, Defendants' arguments wholly fail to acknowledge that the terms of the Injunction (terms to which Defendants voluntarily stipulated) specifically allow the parties to engage in limited discovery and to serve up to ten (10) interrogatories, ten (10) document requests, and ten (10) requests for admission per party. (Doc. 23 at ¶ 7). Further, the cases cited in support of Defendants' arguments are of no moment as neither case involved an analogous situation where the Court's preliminary injunction order explicitly allowed the parties to engage in the discovery sought.

Defendants' final argument for denying Movement's Motion to Compel is similarly unavailing and based upon Movement's purported failure to include a certification that it conferred in good faith with Defendants' counsel prior to filing. As plainly set forth in its Motion, however, Movement clearly certified to the Court that "[t]he parties have conferred in good faith but have been unable to resolve the dispute on their own." (Doc. 82, p. 11) Moreover, Movement then exceeded this requirement by further detailing the significant time and effort its counsel expended engaging in those good faith discussions with Defendants in an attempt to reach any sort of resolution or compromise.

Despite these efforts, Defendants adamantly refused to reconsider any of their positions, justify any of their objections, or produce any requisite privilege logs. That Defendants now attempt to argue that some additional formulaic language was necessary to properly set forth the

meet and confer efforts is further evidence of Defendants' gamesmanship and obstructionist behavior. Given Movement's continued efforts to resolve this discovery dispute with Defendants over the course of more than six months and its clear recitation of these efforts in its Motion, this assertion is disingenuous, at best.

Defendants' transparent attempts to avoid their court-ordered obligations should be summarily rejected by this Court and Movement's Motion to Compel granted.

## **CONCLUSION**

Plaintiff respectfully requests that the Court compel each of the Defendants to: (1) produce all responsive documents within their possession, custody, and control; (2) supplement their responses to all interrogatories and requests for production; (3) produce a privilege log for any documents asserted to be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege or doctrine; and (4) require Defendants to pay Plaintiff's fees and costs incurred in bringing this Motion.

This the 18th day of July, 2024.

Respectfully submitted,

| | |
|---|---|
| By: */s/ Ari Karen* | */s/ G. Bryan Adams, III* |
| Ari Karen, Esq. | G. Bryan Adams, III (N.C. Bar No. 17307) |
| V. Amanda Witts, Esq. | C. Grainger Pierce, Jr. (N.C Bar No. 27305) |
| Sean D. Harding, Esq. | VAN HOY, REUTLINGER, ADAMS & PIERCE, PLLC |
| MITCHELL SANDLER PLLC | |
| 1120 20th Street NW, Suite 725 | 737 E. Boulevard |
| Washington, D.C. 20036 | Charlotte, NC 28203 |
| akaren@mitchellsandler.com | Telephone: 704-375-6022 |
| v.awitts@mitchellsandler.com | Fax: 704-375-6024 |
| sharding@mitchellsandler.com | Bryan.adams@vraplaw.com |
| | Grainger.pierce@vraplaw.com |

***Counsel for Plaintiff,***
***Movement Mortgage, LLC***

## CERTIFICATE OF SERVICE

      The undersigned attorney, being duly sworn on oath, states that she caused a copy of the foregoing to be served upon all counsel of record via ECF on July 18, 2024.

                                            */s/ V. Amanda Witts*
                                            V. Amanda Witts

**CERTIFICATE OF USE OF ARTIFICIAL INTELLIGENCE**

I, V. Amanda Witts, hereby certify that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal source of Westlaw; *and*

2. Every statement and citation to an authority contained in this document has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered, and the citation to the authority provided.

*/s/ V. Amanda Witts*
V. Amanda Witts
