UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| MOVEMENT MORTGAGE LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| DERAN PENNINGTON, CHRIS SHELTON, MATT SCHOOLFIELD, LINDA PLYMALE, HEATHER FRYE, JOSH COVETT, AND SUMMIT FUNDING, INC., | ) ) ) ) ) ) ) | 3:23-cv-00633-GCM-WCM |
| Defendants. | ) ) | |

*Consolidated in part with*

| | | |
|---|---|---|
| MOVEMENT MORTGAGE LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | 3:23-cv-00998-GCM-WCM |
| TODD SCRIMA, | ) ) | |
| Defendant. | ) ) | |

## ORDER

**THIS MATTER** comes before the Court on the Plaintiff Movement Mortgage LLC ("Movement") and Defendants Summit Funding, Inc. ("Summit"), Deran Pennington, Chris Shelton, Matt Schoolfield, Linda Plymale, Josh Covett, Heather Frye, and Todd Scrima's Joint Motion to Vacate filed in the lead case, civil action no. 3:23-cv-0063, in furtherance of a Settlement Agreement executed on or around May

1

13, 2025. (Doc. No. 161). The parties "jointly request that the Court dismiss the instant actions without prejudice and in accordance with the Settlement agreement, enter a stipulated injunction." (Doc. No. 161). It appears to the Court that good cause exists to grant this Motion.

**IT IS, THEREFORE, ORDERED that**:

1. The parties' joint Motion to Vacate, (Doc. No. 161), is **GRANTED**;
2. Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE**;
3. The Stipulated Preliminary Injunction (Doc. No. 23) and the January 4, 2024 Order, (Doc. No. 51), are hereby **VACATED**. In lieu thereof, the Parties enter the following stipulated injunction:
    a. During the Restricted Period, Summit, and all other persons or entities acting in concert with, including Defendants Pennington, Schoolfield, Shelton, Frye, Covett, Plymale, and Scrima, whether employed by Summit or otherwise, are prohibited from directly or indirectly soliciting, encouraging, or assisting any current Movement employees to leave Movement or join Summit or become employed by any other mortgage lender. For the avoidance of doubt, any communication whether by email, bot, text message, and/or through any medium that directly or indirectly attempts to invite Movement employees to apply to Summit and/or attend any events the purpose of which is to recruit employees to Summit or any other lender,

whether announced specifically or generally, is considered a form of solicitation, along with any other form of conduct the goal of which is to directly or indirectly result in the recruitment of Movement employees to Summit or other lenders, or encourage their resignation or termination from Movement. However, this does not prohibit Summit, or those acting in concert with it, on its behalf, or at its direction, from making General Advertisements, provided such General Advertisements are not targeted at or to Movement employees. As defined herein "General Advertisements" means marketing, and communications, on (i) social media;, (ii) Summit's website; (iii) any other lender's website; or (iv) any third party recruiting websites such as Indeed or Monster, regarding Summit or any other lender, or potential employment therewith, at Summit or any other lender that are made in good faith and are not directed at or intended to target Movement employees, even if such communications are sent to a larger group that includes non-Movement employees. Notwithstanding the foregoing, the restrictions herein shall not apply with respect to Movement employees Malissa Simpson, Lynn Knox, Josh Goodson, or Ivy Bolden.

b. As used herein, the term "Restricted Period" shall mean the period from May 14, 2025, through the date that falls one hundred eighty (180) days after the date that Summit makes its third Installment Payment as that term is defined in the Settlement Agreement between the parties. The deadline for the third Installment Payment is November 10, 2025, which means that the Restricted Period would end on May 9, 2026, if Summit pays the Third Installment on the date of the deadline.

4. All remaining pending motions and the Magistrate Judge's Memorandum and Recommendation in the lead case, (Doc. Nos. 61–65, 73, 74, 96–100, 110, 154), are **DENIED AS MOOT**;

5. The Clerk of Court is respectfully directed to close these cases.

Signed: June 10, 2025

Graham C. Mullen
United States District Judge